Sam **BLASSINGAME**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15430.

United States Court of Appeals
Ninth Circuit.

March 14, 1957.

Cornelius C. Chavelle, Seattle, Wash., for petitioner.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Richard H. Foster, San Francisco, Cal., and John A. Roberts, Jr., Asst. U. S. Attys., Seattle, Wash., for respondent.

Before DENMAN, Chief Judge, and BONE and BARNES, Circuit Judges.

PER CURIAM.

Blassingame, who was convicted in the District Court for the Western Dis-

trict of Washington, Northern Division, on two counts of a four-count indictment charging violation of the federal narcotics laws and sentenced to a total of ten years imprisonment, moves this court for admission to bail pending appeal.

The applicable provision of the Federal Rules of Criminal Procedure is Rule 46(a) (2) which was amended in July, 1956, 18 U.S.C.A. to read in pertinent part as follows:

"Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay. Pending appeal to a court of appeals, bail may be allowed by the trial judge, by the court of appeals, or by any judge thereof, or by the circuit justice, to run until final termination of the proceedings in all courts * * *."

■ It is not necessary under the amended rule as it was under the prior rule that the appeal involve "a substantial question" in order to entitle the appellant to bail. Ward v. United States, 1956, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25. We are satisfied from the affidavit of appellant's counsel that the appeal is not frivolous and was not taken for delay.

■ It appears, however, that the district judge denied bail on quite another ground. The district judge had before him a confidential probation report which revealed, according to the judge's remarks at the hearing on appellant's motion for bail, that appellant is a highly unstable individual who has no family in the Seattle area, no visible means of support and no home or property. It also appeared that appellant had been most uncooperative with the probation officials in giving information about himself, and that he "had been well known to the narcotics officers for some period of time." The judge further noted that appellant apparently had ample funds to provide him with means for

absconding. In view of these considerations the trial judge decided that a bail bond would not adequately protect against the possibility of appellant's flight pending appeal, and denied bail.

Mr. Justice Frankfurter, in denying bail under the amended rule where the trial judge had denied it on this ground said:

"The granting of bail certainly presupposes confidence that a defendant will respond to the demands of justice. In fixing the amount of bail, Rule 46(c) explicitly adverts to the trustworthiness of a defendant. The bail must be of an amount to 'insure the presence of the defendant.' Impliedly, the likelihood that bail within tolerable limits will not insure this justifies denial of bail. One of the reasons that led the District Court to deny bail to Bowers and Ward was 'that there is considerable motivation for these defendants to flee the Court's jurisdiction and that they have ample means to accomplish this purpose.' I read this to mean that the District Judge felt that the likelihood of flight was a danger not to be disregarded. I cannot reject this conclusion of the District Court because it was based on confidential probation reports. * * * Such a judgment is, to be sure, a prophecy but I cannot sit as the district judge and make my own. Presumably, this reason of the District Court in denying bail was one of the considerations included in the 'reasons' for the action taken by the District Court which the Court of Appeals respected in not overruling 'the exercise of sound judgment' by the District Court. On this ground, I must deny the petition." Ward v. United States, 1956, 76 S.Ct. 1063, 1 L.Ed.2d 25, 27–28.[1]

The motion for admission to bail pending appeal is denied.

1. Cf. Roth v. United States, 1956, 77 S.Ct. 17, 1 L.Ed.2d 34, where Mr. Justice Harlan, after noting that it was not urged that there was likelihood of the petition-er's fleeing, allowed bail pending certiorari where it had been denied by a circuit judge.