**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leslie WILLIAMS, Defendant-Appellant.**

**No. 12267.**

United States Court of Appeals
Seventh Circuit.

March 5, 1958.

Charles B. Evins and R. Eugene Pincham, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Circuit Judge.

HASTINGS, Circuit Judge.

On February 25, 1958, defendant-appellant filed his motion asking this court to enter an order admitting him to bail pending appeal in an amount to be determined by this court with sureties to be approved by trial court below, said motion having been filed pursuant to Rule 46(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Defendant-appellant filed with said motion his affidavit and suggestions in support thereof, showing among other things:

(1) That on July 7, 1957, he was indicted on three counts for alleged violations of federal narcotic laws, and on January 13, 1958 was convicted on two counts following a jury trial, and on that date was sentenced to imprisonment for a period of 25 years.

(2) That the court stayed the execution of his sentence from January 13, 1958 to January 14, 1958, and at that time pronounced the sentence and denied him a further stay of execution and denied his motion "to fix bond on appeal."

(3) That, on January 14, 1958, his motions for a new trial and arrest of judgment were entered, continued and set for January 23, 1958, on which date they were denied and overruled.

(4) That, on January 23, 1958, on his motion, the court reconsidered his motion "to fix bond" and overruled and denied the same, and thereafter he elected not to commence service of said sentence, and that he is now confined in the Cook County Jail, Chicago, Illinois.

(5) That he has filed timely notice of appeal from said judgment and sentence to this court.

(6) That this appeal is not frivolous nor taken for delay, and that he relies upon ten listed grounds for reversal.

On February 26, 1958, the United States of America, plaintiff-appellee, filed its objections to defendant's motion to admit to bail pending appeal, stating among other things therein:

(1) That defendant has another appeal pending in this court, being No. 12265, entitled United States of America v. Williams. That in this prior appeal, this same defendant was indicted on January 8, 1957, charged with violations of federal narcotic laws, and on Novem-

ber 14, 1957, following conviction he was sentenced for a period of ten years by the same trial judge who presided in the instant case, Honorable Joseph Sam Perry. That in this prior case defendant was released on bail pending appeal in the sum of $10,000, "on condition that the defendant do not knowingly associate with anyone engaged in the narcotics traffic."

(2) The facts relating to the indictment and conviction in the instant case, and that the sentence of 25 years is to run concurrently with the sentence in the prior case.

(3) That "Defendant-appellant has a history of narcotic violations going back to 1928. He is an uncontrollable recidivist, as is demonstrated by the 25-year sentence he received under the multiple-offense provisions of the Federal Narcotic Control Act [21 U.S.C.A. § 174]. The prior history of the defendant does not warrant his release on bail pending appeal."

The foregoing is the meager record before us and on which we are asked to act.

The applicable part of Rule 46(a)(2), as amended in 1956, follows:

" * * * Bail *may* be allowed pending appeal or certiorari *unless* it appears that the appeal is frivolous or taken for delay. * * * " (Our emphasis.)

The government does not deny defendant's showing that the appeal is not frivolous or taken for delay, and that part of the rule is, therefore, not in issue at this time.

Mr. Justice Frankfurter, as Circuit Justice, in Ward v. United States, 1956, 76 S.Ct. 1063, 1064, 1 L.Ed.2d 25,[1] states:

"When the Court of Appeals disposed of the motion for bail, on June 4, 1956, the Rule then in force for admission to bail after conviction was as follows:

" 'Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. * * * ' " Rule 46(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. But on April 9, this Court had submitted to Congress a new Rule 46(a)(2), to take effect on July 9, 1956. It reads:

" 'Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay. * * * ' "

"Obviously, as the Government recognizes, the amendment has greatly liberalized the basis for admission to bail in the federal courts pending an appeal from a conviction. By the time the matter first came before me, the new Rule was law. Since the Court of Appeals had denied bail without giving reasons, I could not tell whether they took into account the changed situation presented by the Rule which was then in process of becoming, though it was not formally, effective. Accordingly, it seemed to me appropriate that the lower courts should have an opportunity to pass upon the petition for bail under the standards that now govern. I therefore remanded the matter to the Court of Appeals for direct disposition by it, or for further consideration by the District Court. The Court of Appeals took the latter course and on July 17 determined that the request for bail should again be passed on by the trial judge. After further hearing, the trial judge again denied bail, supporting his denial by what the Court of Appeals has characterized as 'a carefully reasoned and detailed opinion.' The motion for bail by Bowers and Ward was thereupon renewed before the Court of Appeals.

---

1. The statement of Mr. Justice Frankfurter is set out at some length for the reason that it does not appear in the United States Reports.

That court, in a per curiam opinion, denied the renewed motion, whereupon the petitioners again asked me to allow bail.

"Both the lower courts have set forth the grounds for their denial. They have expressed themselves to be duly mindful of the controlling force of Rule 46(a)(2), as amended. The issues that are raised here have been fully canvassed in the briefs filed by the petitioners and the Government. Both sides have addressed themselves to the proper scope of the amended Rule and its appropriate application to the specific circumstances of this prosecution.

"It is common ground that the amended Rule 46 has made a decided change in the outlook on granting bail after conviction. The Government, as I have already indicated, accepts the statement in my memorandum of July 13, 1956, that the old Rule 46(a) (2) has by the amendment 'been greatly liberalized.' Putting to one side its qualifications, I think the Government is right in saying that the granting of bail is called for more readily under the new standard than it was under the old concept of 'substantial question.' It is also right in indicating that the new Rule effectuates a shift from putting the burden on the convicted defendant to establish eligibility for bail, to requiring the Government to persuade the trial judge that the minimum standards for allowing bail have not been met. The authoritative interpretation of the amendment must, of course, await a decision by the Supreme Court. In the meantime, however, one cannot escape his individual responsibility in passing on a petition like this.

"The Government commendably acknowledges that the new Rule has made an important change. The Rule expresses a general attitude, the significance of which is that inasmuch as an appeal from a conviction is a matter of right, the risk of incarceration for a conviction that may be upset is normally to be guarded against by allowing bail unless the appeal is so baseless as to deserve to be condemned as 'frivolous' or is sought as a device for mere delay. The Government suggests, however, that there may be considerations other than frivolity or delay, which may conscientiously move a trial judge to deny bail without disloyalty to the amended Rule. I am bound to say that the Government is rightly cautious in suggesting the extent of the area of discretion that still remains under the amended Rule.

"Elaboration of whatever occasions for discretion may remain had better be left to the specific occasions which may give rise to such claims. The present situation presents one consideration that suffices for disposition of this case. The granting of bail certainly presupposes confidence that a defendant will respond to the demands of justice. In fixing the amount of bail, Rule 46(c) explicitly adverts to the trustworthiness of a defendant. The bail must be of an amount to 'insure the presence of the defendant.' Impliedly, the likelihood that bail within tolerable limits will not insure this justifies denial of bail. One of the reasons that led the District Court to deny bail to Bowers and Ward was 'that there is considerable motivation for these defendants to flee the Court's jurisdiction and that they have ample means to accomplish this purpose.' I read this to mean that the District Judge felt that the likelihood of a flight was a danger not to be disregarded. I cannot reject this conclusion of the District Court because it was based on confidential probation reports. See Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. Such a judgment is, to be sure, a prophecy but I cannot sit as the district judge and make my own. Presumably, this

reason of the District Court in denying bail was one of the considerations included in the 'reasons' for the action taken by the District Court which the Court of Appeals respected in not overruling 'the exercise of sound judgment' by the District Court. On this ground, I must deny the petition.

"Asking a Circuit Justice to grant bail pending appeal in the Court of Appeals, after denial by the two lower courts, presents a difficult dilemma. An error of principles in the denial of bail, an indisputable question of law, calls for correction, whether the matter comes before the whole Court, as in Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, or before an appropriate Circuit Justice. But when it is a question of the application of duly recognized standards, and such application turns on what may fairly be called 'facts,' or on a necessarily prophetic judgment like the trustworthiness of a convicted defendant, I do not conceive it to be the function of a Circuit Justice to exercise an independent judgment as though he were sitting in the district court. And yet, even where 'facts' are involved, a standard may be recognized in principle but honored, however unconsciously, in the breach."

In Blassingame v. United States, 9 Cir., 1957, 242 F.2d 313, 314, the defendant was denied admission to bail pending appeal, where it was found from the affidavit of his counsel that the appeal was not frivolous and was not taken for delay. In that case, the court went on to say, however:

"It appears, however, that the district judge denied bail on quite another ground. The district judge had before him a confidential probation report which revealed, according to the judge's remarks at the hearing on appellant's motion for bail, that appellant is a highly unstable individual who has no family

in the Seattle area, no visible means of support and no home or property. It also appeared that appellant had been most uncooperative with the probation officials in giving information about himself, and that he 'had been well known to the narcotics officers for some period of time.' The judge further noted that appellant apparently had ample funds to provide him with means for absconding. In view of these considerations the trial judge decided that a bail bond would not adequately protect against the possibility of appellant's flight pending appeal, and denied bail."

In this case, Judge Perry first denied defendant's motion "to fix bond" pending appeal, and later, on defendant's motion, reconsidered this motion and denied it again. We are not favored with his reasons for this action. We can assume that he had a confidential probation report before him, and we know that he had presided in two trials in which defendant was convicted of violations of the narcotic laws. We do not have his views on other facts which might relate to a determination of whether a bail bond would adequately protect against the possibility of defendant's flight pending appeal.

In Roth v. United States, 1956, 77 S.Ct. 17, 1 L.Ed.2d 34, Mr. Justice Harlan, after noting that it was not urged that there was likelihood of the petitioner's fleeing, allowed bail pending certiorari where it had been denied by a circuit judge.

It is obvious that where there is no showing that the appeal is frivolous or taken for delay, and under the plain language of the Rule that bail *may* be allowed, there are some cases where, under the facts, the court is allowed to exercise some discretion in passing upon such a motion as before us here. However, on the bare showing in defendant's motion and the government's answer, we do not have sufficient information to enable us to exercise this discretion and rule upon this motion.

In view of the nature of the violations of which defendant stands convicted and where the trial judge has twice denied defendant's motion "to fix bond" pending appeal, on the present posture of this matter before us we cannot say that the defendant should or should not be admitted to bail pending appeal without a further hearing and consideration of the matter. We think that the cause of justice will be served best by following the course pointed out in Ward v. United States, supra.

It is, therefore, ordered that the defendant's motion to be admitted to bail pending appeal be denied at this time, and that this matter be remanded to the district court below for further hearing, finding and determination not inconsistent with the views expressed herein.