Wilton ESTERS, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 15987.

United States Court of Appeals
Eighth Circuit.

April 29, 1958.

George F. Edwardes, Texarkana, Ark., for petitioner.

Charles W. Atkinson, U. S. Atty., Fort Smith, Ark., for respondent.

Before MATTHES, Circuit Judge, and WEBER, District Judge.

PER CURIAM.

Wilton Esters, Petitioner herein, was found guilty in a jury trial of violating Title 26, § 5008(b) and Title 26 § 5686 (b), U.S.C.A., and from the judgment imposing a three-year sentence has appealed to this Court.

Petitioner, being incarcerated in jail at Texarkana, Arkansas, filed application for bail, pursuant to Rule 46(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A. in the United States District Court for the Western District of Arkansas, where he was tried. Being denied bail by that Court, we have been petitioned to grant bail pending the outcome of the appeal.

The petition alleges that the appeal is not frivolous or taken for delay, and that there "are substantial questions raised." The Government filed a response to the petition denying the material allegations thereof. Attached to the response and made a part thereof is a copy of the opinion of the Honorable Harry J. Lemley, United States District Judge for the Eastern and Western Districts of Arkansas, setting forth his reasons for denying bail. The United States Attorney also filed a memorandum in support of his position that bail should be denied. At the hearing, counsel for petitioner and the United States Attorney were afforded the opportunity to fully present their respective contentions in oral argument.

The rule in force for admission of bail prior to July 8, 1956, provided that bail " * * * may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. * * *." But, since July 8, 1956, "Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay. * * *." Rule 46(a) (2) Federal Rules of Criminal Procedure. The effect of this amendment was to shift the burden to the Government " * * * to persuade the trial judge that the minimum standards for allowing bail have not been met." Ward v. United States, 76 S.Ct. 1063, loc. cit. 1065, 1 L.Ed.2d 25, 27. In the Ward case Mr. Justice Frankfurter, as Circuit Justice, also makes clear that it is his view that the amendment has greatly liberalized the basis for admission to bail in the federal courts pending appeal from conviction, and that the risk of incarceration for a conviction that may be upset is normally to be avoided by allowing bail, " * * * unless the appeal is so baseless as to deserve to be condemned as 'frivolous' or is sought as a device for mere delay." Ward v. United States, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25, 27.

In oral argument, the United States Attorney contended the granting of bail following conviction called for the exercise of discretion by the District Judge, and that in the absence of a showing of an abuse of discretion, this court should not interfere. As we view the rule, the court is vested with discretion, for it provides that bail *may*, not *shall*, be allowed, etc. But we are also persuaded to believe that by this provision the court is vested with discretion concerning matters other than determining whether the appeal is "frivolous" or taken for delay, e. g., that petitioner is likely to ignore the obligation of the bond and flee the jurisdiction of the court, or for other reasons is a poor bail risk. See and compare Blassingame v. United States, 9 Cir., 242 F.2d 313; United States v. Allied Stevedoring Corporation, D.C.S.D.N.Y., 143 F.Supp. 947, certiorari denied, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143; United States v. Allied Stevedoring Corporation, 2 Cir., 235 F.2d 909, certiorari denied, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143. In the latter case, the Court stated, 235 F.2d loc. cit. 910: "We think a fair interpretation of the rule and one in line with sound public policy is therefore to continue at least some measure of discretion in the court *except where it appears that the appeal is frivolous or taken for delay and where denial of bail is mandatory*." (Emphasis supplied.)

Judge Lemley, in an exhaustive, factually detailed and carefully reasoned opinion, found that the appeal is frivolous and taken for delay, and that he was " * * * convinced to a moral and legal certainty that he (petitioner) received a fair trial and that no error was committed in the course thereof."

In determining whether the appeal is frivolous or taken for delay, it is of vital

importance to observe that from the opinion of Judge Lemley it is established that petitioner did not request the Court to instruct the jury on any phase of the law, neither did he make objection to the Court's charge to the jury, Rule 30, Federal Rules of Criminal Procedure; and from the certificate of the District Clerk, furnished at our request, it appears that petitioner filed no motion for judgment of acquittal, Rule 29, Federal Rules of Criminal Procedure, or motion for new trial, Rule 33, Federal Rules of Criminal Procedure.

In presenting the application for bail, counsel for petitioner stated that on appeal he proposed: (1) to attack the sufficiency of the evidence to sustain the verdict; (2) contend that the verdict was based on the uncorroborated testimony of an accomplice; (3) that certain testimony was improperly admitted and (4) that the verdict was inconsistent. From the statement of facts fairly and clearly detailed in Judge Lemley's opinion, with which petitioner found no fault in the hearing before us it is clearly demonstrated that there was ample evidence to sustain the jury's verdict and that it was not based on the uncorroborated testimony of an accomplice. Careful and critical analysis and consideration of the other contentions of error, in light of the record before us, likewise demonstrate that the Government carried the burden of showing that the minimum standards for the allowance of bail had not been met.

We are, of course, not attempting to rule on or finally determine any and all contentions which petitioner may present on appeal as a basis for relief from the sentence imposed. But we are convinced on the basis of petitioner's application, the other records before us, and the oral arguments, that the finding by Judge Lemley that the appeal is frivolous and for delay, was fully justified.

In the recent opinion in the case of Di Candia v. United States, 78 S.Ct. 361, 362, 2 L.Ed.2d 410, Mr. Justice Harlan, as Circuit Justice, in refusing bail after the District and Circuit Courts had denied same, stated: "In making this determination I adhere to my general view that decisions of the courts below disallowing bail after conviction are entitled to the highest respect by a circuit justice, especially where, as here, review of a conviction is still pending in the Court of Appeals." While the decision of the District Court in refusing bail should be and has been respected, nevertheless, we interpret the rule as imposing on us the independent obligation of determining whether the minimum standards for bail were met. This we have done.

Finding no justification, after consideration of the record before us and oral argument, for a conclusion different from that reached by the District Court, the application for bail must be and is denied.

In presentation of the question we were assured by the United States Attorney that the Government will cooperate in effecting a prompt dispatch of petitioner's appeal.

Application denied.