**UNITED STATES of America,
Appellee,**

v.

**George WILSON, Defendant-Appellant.
Docket 24850.**

United States Court of Appeals
Second Circuit.
July 24, 1958.

See also D.C.S.D.N.Y., 20 F.R.D. 569.

Daniel H. Greenberg, New York City, for defendant-appellant.

John C. Lankenau, Asst. U. S. Atty., S.D.N.Y., New York City, for appellee.

CLARK, Circuit Judge.

■■ This motion under Rule 46(a) (2), F.R.Cr.P., for bail pending appeal from the defendant's conviction as a second federal narcotics offender comes before me singly while the court is in recess. Though the prospects of reversal appear dim, I am not disposed at this stage of the case to hold the appeal frivolous. But the defendant's extensive criminal record, going back for over twenty years to a time when he was only twenty-one, does give pause. He appears to have had three convictions for petty larceny, one for grand larceny, three for infringement of state narcotics laws, and three violations of parole in addition to a federal conviction of selling heroin in 1955 which serves to make his present violation in 1957 a second federal offense. For each of these he has received sentences of imprisonment increasing in degree to his present sentence of ten years required in the case of a second narcotics offender. I do not want to get into the position of saying that a charge as a multiple offender automatically renders the accused ineligible for bail; but the character and extent of a series of offenses such as these does, I think, afford a proper basis for the exercise of that discretionary power to deny bail which is still reserved to the courts under the amended rule and the decisions construing it. Surely his outlook is bleak and he has many incentives to skip bail. with little to hold him. The Assistant U. S. Attorney's affidavit shows that he has admitted to being a drug addict, that he is unemployed, that while married he has been cohabiting with a woman not his wife whose appeal from a narcotics conviction is also pending, and that he has no children or other dependents. The pattern of his career to date indicates that whenever released he will soon be selling heroin again and that, if he does remain available for apprehension at all times, he may easily develop obligations to other criminal prosecuting authorities which will conflict with his obligations herein. All in all, I think the situation is one where bail should be denied.

I note that the defendant has been serving his sentence since August 1, 1957, which may well represent a wise and sophisticated choice on his part. Also it appears that he could not meet the bail set before conviction; and since here there must be at least substantial bail, the question before me may be rather academic. But of course he is entitled to a definite answer, which I give.

Motion denied.