**UNITED STATES of America**

v.

**James Broadus CRAWLEY, Defendant.**

**Cr. No. 12056.**

United States District Court
W. D. South Carolina,
Greenville Division.

March 21, 1959.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., W. A. Bull, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

W. E. Bowen, J. G. Leatherwood, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This matter is before me upon motion for an order admitting the defendant to bail pending his appeal to the Circuit Court of Appeals for the Fourth Circuit from the judgment and verdict rendered against the defendant in the above entitled cause and fixing the amount of such bail.

The defendant was tried before me and a jury on February 17, 1959, on an indictment charging the defendant with violating Section 2113(a), (b) and (c),

Title 18 U.S.C.A. The essential part of the indictment can be summed up in that defendant ripped the safe in the Donaldson Air Force Branch of the Peoples National Bank of Greenville,. S. C., and took and carried away approximately $75,033.95 belonging to said bank. The jury, on February 19, 1959, found the defendant guilty on all three counts of the indictment.

On the hearing of this motion, the defendant offered no testimony and submitted no affidavits in support of his application for bail. The Government offered testimony and documentary evidence in opposition to granting of bail pending appeal in this case. After due and careful consideration, I make the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The experienced attorneys for the defendant at the hearing frankly admitted that defendant received a fair and impartial trial.

2. The attorneys for the defendant admitted that W. A. Bull, Esq., Assistant United States Attorney, who handled the case for the Government, had cooperated in every way in the trial of the case and in response to a query by me, Mr. Bull stated that he would cooperate in every way to see that the appeal of the defendant would be heard at the earliest date and I have no reason to doubt his statement.

3. The defendant was sentenced to eighteen years on the first count of the indictment.

4. The presentence report of the Probation Officer, which was introduced in evidence without objection at the hearing, shows that the defendant is forty-four years old; has apparently never held any gainful employment but has been a professional criminal and has associated almost altogether with known criminals; that since August, 1932, he has received sentences in various courts adding up to twenty-one years; three of

the sentences involved safe robberies; one involved assault and battery with intent to kill, growing out of assaulting a jailer in an attempt to escape from jail; one for having burglary tools in his possession; of the $75,033.95 that was in the safe on the night it was ripped, approximately $11,000 has been recovered.

## Conclusions of Law

■ In argument before me on motion for bail pending appeal, the Government and attorneys for the defendant frankly admitted that the granting of bail after conviction pending appeal is within the sound discretion of the Judge hearing the application for bail and in exercising this discretion the most essential fact to be considered is whether or not the defendant is a good risk to respond to the further orders of the Court.

■ Under the amendment of Rule 46(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., the Court is vested with discretion to refuse bail pending appeal for the reason that said rule provides that bail "may", not "shall" be allowed. I believe that by this provision of the rule that the Court is vested with discretion to deny bail pending appeal based on the ground that defendant is likely to ignore the obligation of his bond and flee the jurisdiction of the Court, or for other reasons is a poor bail risk. See, United States v. Esters, D.C., 161 F.Supp. 203; United States v. Wilson, 2 Cir., 257 F.2d 796; Blassingame v. United States, 9 Cir., 242 F.2d 313; Fiano v. United States, 9 Cir., 259 F.2d 135.

■ Applying the foregoing conclusions of law to the findings of fact herein, it is my opinion that the defendant should not be granted bail pending his appeal in this case.

It is, therefore, ordered, adjudged and decreed, that the motion of James Broadus Crawley for bail be and the same is hereby denied.