Charles G. RHODES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8043.

United States Court of Appeals Fourth Circuit.

Argued on Oral Motion Jan. 12, 1960.

Written Motion Filed Jan. 27, 1960.

Decided Feb. 9, 1960.

Arthur T. Ciccarello, Charleston, W. Va., in support of motion.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., in opposition to motion.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

This is the application of the defendant, Charles G. Rhodes, to be admitted to bail during the pendency of his appeal in this court.

On January 4, 1960, the applicant was convicted in the District Court for the Southern District of West Virginia of knowingly making false statements to a Federal Savings and Loan Association to obtain a $20,000 loan, and he was sentenced to twenty-two months imprisonment and a fine of $3,000. The District Judge, in overruling the defendant's motion for bail pending appeal, filed no opinion or memorandum, made no findings and gave no reasons that have been called to our attention. According to the brief of the Government here, in opposition to bail, no additional evidence was heard on this question. We do not know if the Judge denied bail in the belief that the appeal was frivolous or for delay, or because there was in his opinion danger that the defendant would abscond, or because he thought the defendant would commit further violations if allowed to remain at large. The Government made a blanket assertion of all three of the above grounds in its brief and in oral argument.

Because of the importance and recurrent nature of this general question, we think a statement of our views would be useful. Before 1956, Rule 46

(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., permitted bail only if the case involved a "substantial question" for the appellate court, and the burden of showing this was on the defendant. In that year, the Rule was amended so that now bail may be allowed pending appeal or petition for certiorari unless the grounds are "frivolous or taken for delay." It has been held that the new rule effected a considerable change, liberalizing the granting of bail and putting the burden of proof on the Government where it opposes applications for bail.[1]

■ Under both the old rule and the new, the legal merit of the question presented to the appellate court is the primary consideration in determining whether bail should be granted. In fact, in many of the reported opinions, the only question discussed is whether the appeal is "insubstantial" or "frivolous." [2]

■ Turning to the case before us, we cannot say that the appeal is frivolous or taken for delay. One of the defendant's allegations of error pertains to the trial court's holding inadmissible the opinion testimony of an expert witness, a psychiatrist, to the effect that the defendant, at the time he made the false statements to the Savings and Loan Association, did not "knowingly" do so. The defendant asserts that the testimony was offered to show that he lacked the requisite specific intent, an essential element of the crime. In characterizing this assertion of error as frivolous, the Government takes the position that the proferred expert testimony went to the ultimate issue, and was therefore inadmissible as an invasion of the province of the jury.

Without expressing any opinion on the merits of the respective contentions, we may at least say that the question is reasonably debatable. Courts have held that where a defendant is charged with a crime requiring proof of a specific mental state, such as a particular intent, expert testimony that the defendant did or did not have the required mental state is admissible. People v. Wells, 1949, 33 Cal.2d 330, 202 P.2d 53. The receptivity of courts to evidence of this type is illustrated by People v. Webb, Cal.App. 1956, 300 P.2d 130 where even the opinion of a non-expert, who had observed the defendant, was held admissible on this issue. Such evidence is not to be

---

1. Mr. Justice Frankfurter stated in Ward v. United States, 1956, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25:

"The Government, as I have already indicated, accepts the statement in my memorandum of July 13, 1956, that the old Rule 46(a) (2) has by the amendment 'been greatly liberalized.' Putting to one side its qualifications, I think the Government is right in saying that the granting of bail is called for more readily under the new standard than it was under the old concept of 'substantial question.' It is also right in indicating that the new Rule effectuates a shift from putting the burden on the convicted defendant to establish eligibility for bail, to requiring the Government to persuade the trial judge that the minimum standards for allowing bail have not been met."

Most of the opinions of the Circuit Justices in bail cases do not appear in the Official Reports.

2. See: Clark v. United States, 1953, 74 S.Ct. 357 (opinion of Justice Douglas granting bail to one convicted of refusing to be inducted into the armed services); Costello v. United States, 1954, 74 S.Ct. 847 (opinion by Justice Jackson allowing bail to defendant convicted of income tax evasion); Patterson v. United States, 1954, 75 S.Ct. 256 (opinion by Justice Frankfurter denying bail pending appeal where the Court of Appeals had determined that no substantial question existed); Herzog v. United States, 1955, 75 S.Ct. 349 (where Justice Douglas granted bail pending appeal to defendant convicted of income tax evasion); Wolcher v. United States, 1955, 76 S.Ct. 254 (opinion by Justice Douglas granting bail, where the only question discussed was the substantiality of an issue concerning the admissibility of certain evidence); Di Candia v. United States, 1958, 78 S.Ct. 361 (where Justice Harlan denied bail pending appeal, pointing out that the only issue in the case was whether the appeal was frivolous). See also: United States v. Barbeau, D.C.D.Alaska 1950, 92 F. Supp. 196; United States v. Goldfine, D.C.D.Mass. 1958, 169 F.Supp. 93.

confused with testimony seeking to show that the defendant is not guilty because of insanity, but is merely indicative of the absence of an essential element of the crime, by reason of the defendant's mental condition.

As to the claim that such evidence is inadmissible because it goes to the ultimate issue for the jury, Chief Judge Parker in Frankfeld v. United States, 4 Cir., 1952, 198 F.2d 679, 689, pointed out:

> "In so far as it involved a matter of opinion, this related to a matter involving specialized knowledge, as to which the opinion of experts is unquestionably admissible, even though it related to a matter which is for decision of the jury."

This was recently followed by us in Meredith v. United States, 4 Cir., 1956, 238 F.2d 535, where the expert's opinion was held admissible over the objection that it went to the ultimate issue in the case. It may be that the above cases are significantly distinguishable from the present case, or that an insufficient foundation was laid for the expert's conclusion, or that the testimony was inadmissible for some other reason. However, we do not decide the question; we merely note that the point which the appeal seeks to test is manifestly not "frivolous."

■ Although the most important factor to consider is whether the appeal is frivolous, there are other considerations which may justify the denial of bail pending appeal both under the old and new rules.[3] The one most often mentioned is the liklihood of the defendant absconding.[4] In practically all of the reported cases in recent times where bail has been denied, the appeal has been deemed insubstantial or frivolous, or there was a specific finding that there existed real danger of the defendant becoming a fugitive. There has been no such finding in this case.

■ Furthermore, the present case is unlike those where bail has been denied on the ground that the defendant is a poor bail risk.[5] The defendant here has no record of prior convictions, although the Government asserts that the defendant has in the past committed similar offenses of which he has not been convicted, and it is not denied that he has

3. For discussions of the various factors which might justify a denial of bail even where the appeal is not frivolous, see: Williamson v. United States, 2 Cir., 1950, 184 F.2d 280 (opinion by Justice Jackson granting bail to Communist Party leaders over objections of the Government that the questions were not substantial and that defendants would commit further violations of the same character); Christoffel v. United States, 1951, 89 U.S.App.D.C. 341, 196 F.2d 560; Blassingame v. United States, 9 Cir., 1957, 242 F.2d 313; United States v. Williams, 7 Cir., 1958, 253 F.2d 144; United States v. Wilson, 2 Cir., 1958, 257 F.2d 796; Fiano v. United States, 9 Cir., 1958, 259 F.2d 135; United States v. Thompson, D.C.S.D.N.Y.1957, 152 F.Supp. 292; Note, Bail Pending Appeal in The Federal Courts, 32 N.Y.U.Law Review 557.

4. See: Yanish v. Barber, 1953, 73 S.Ct. 1105; Ward v. United States, 1956, 76 S.Ct. 1063; Roth v. United States, 1956, 77 S.Ct. 17, 1 L.Ed.2d 34; Ellis v. United States, 1959, 79 S.Ct. 428, 3 L.Ed.2d 565.

5. For cases denying bail because there was a danger of the defendant fleeing, see: Blassingame v. United States, 9 Cir., 1957, 242 F.2d 313 (where the defendant was found to be a highly unstable individual, with no home in the area and no family or visible means of support); Anthony v. United States, 9 Cir., 1957, 250 F.2d 427 (where the District Judge expressly found that there was a "grave danger of the defendant absconding if bail be granted"); United States v. Wilson, 2 Cir., 1958, 257 F.2d 796 (where the defendant had an extensive criminal record with eight prior convictions, was an admitted drug addict, was unemployed, and was living with a woman not his wife); United States v. Crawley, D.C. W.D.S.C.1959, 23 F.R.D. 215 (where the District Judge filed a memorandum containing specific findings that the defendant had never been gainfully employed, was a known professional criminal, had an extensive record of convictions extending back to 1932, and therefore was a poor bail risk).

made restitution in all such cases, including the present. The allegation of prior offenses certainly is a factor to take into consideration in determining whether to allow bail, although charges against one are not entitled to the same weight as prior convictions.

 On the other side are the factors that the defendant has a home and family, had been operating a real estate business in the community where he lived for many years, and is now employed to develop two real estate subdivisions in neighboring Ohio. He maintains a home in Ohio, it is said, so that he may be closer to his work. We cannot say that the Government has met the burden of demonstrating that the defendant is a poor bail risk. Nor has the Government, which has the burden, persuaded us that the defendant is likely to commit additional offenses if enlarged on bail. The considerations mentioned by Chief Justice Warren in the recent case of Ellis v. United States, 1959, 79 S.Ct. 428, 3 L.Ed.2d 565, are applicable here. There, bail was allowed after the refusal of both lower courts, as the defendant was given a relatively short sentence and the denial of bail was thought to deprive him to a large extent of the benefits of his right of appeal. In Ellis, he was a longtime resident of the district where the court was, he owned property there, and he had always previously responded to the orders of the court.

 In reaching the conclusion that Rhodes is entitled to bail, we are not unmindful of the deference due to the decision of the District Court.[6] However, as noted above, there were no findings or reasons given by the District Judge for denying bail. In Yates v. United States, 9 Cir., 1958, 252 F.2d 568, 569, a Smith Act case (18 U.S.C.A. § 2385), the Court of Appeals, in allowing bail

after the District Court's refusal, pointed out:

"As to bail, if the trial court had made a positive determination that the defendant was a risk to respond to further orders of the court, we would be most reluctant to grant defendant's request for bail which has heretofore been denied in that court."

Where no reasons are given for the denial of bail, the action cannot be accorded the weight it would otherwise merit.

 Also, we must take into account the principle that normally bail should be allowed pending appeal, and it is only in an unusual case that denial is justified. This was true even under the stricter Rule 46(a) (2) before 1956. Williamson v. United States, 2 Cir., 1950, 184 F.2d 280, Christoffel v. United States, 1951, 89 U.S.App.D.C. 341, 196 F.2d 560. With regard to bail pending appeal, Mr. Justice Douglas observed in Herzog v. United States, 1955, 75 S.Ct. 349, 351: "Bail is basic to our system of law. * * * Doubts whether it should be granted or denied should always be resolved in favor of the defendant."

 It would assist the Court of Appeals and Circuit Judges, to whom applications are made for bail pending appeal, if District Courts made a statement of their reasons when they depart from the normal rule.

For the above reasons, the application for bail pending appeal is granted, bond in the amount of $5,000 to be posted with the Clerk of the District Court for the Southern District of West Virginia, upon approval of the surety by a Judge of that court.

So ordered.

---

6. See: Clark v. United States, 1953, 74 S.Ct. 357; Albanese v. United States, 1954, 75 S.Ct. 211; Patterson v. United States, 1954, 75 S.Ct. 256; Herzog v. United States, 1955, 75 S.Ct. 349; Wolcher v. United States, 1955, 76 S.Ct. 254; Ward v. United States, 1956, 76 S.Ct. 1063; Roth v. United States, 1956, 77 S.Ct. 17, 1 L.Ed.2d 34; Di Candia v. United States, 1958, 78 S.Ct. 361; Esters v. United States, 8 Cir., 1958, 255 F.2d 63.