### Donald M. PAINTEN
### v.
### COMMONWEALTH OF MASSA-CHUSETTS.
### Misc. Civ. No. 64–78–C.

United States District Court
D. Massachusetts.
May 19, 1966.

Louis M. Nordlinger, Boston, Mass., for petitioner.

Willie J. Davis, Asst. Atty. Gen., Boston, Mass., for respondent.

CAFFREY, District Judge.

Petitioner, Donald M. Painten, was convicted in the Massachusetts Superior Court of armed bank robbery, masked and disguised, and related offenses. His conviction was affirmed *sub nom.* Commonwealth v. Binkiewiez, 342 Mass. 740, 175 N.E.2d 473 (1961).

After the Supreme Judicial Court of Massachusetts denied his application for a writ of error Painten petitioned for habeas corpus in this court where, after a full evidentiary-type hearing, his contentions based on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), were upheld and an order was entered, 252 F.Supp. 851, directing the Commonwealth to either re-try him within sixty days or discharge him from custody. This court certified that there was probable cause for an appeal by the Commonwealth, which promptly filed notice of appeal, but denied a motion by the Commonwealth for a stay of the order pending appeal. Thereafter, a stay of this court's order was granted by the Court of Appeals and on motion of Painten the Court of Appeals remanded the case to this court "for the limited purpose on motion of admitting petitioner to bail pending this appeal in an amount to be determined by said district court after hearing." The Court of Appeals expressly retained jurisdiction of the case in all other respects.

A hearing was held at which counsel for Painten produced three witnesses. One of these, Painten's father, testified that he owned a nine-room house in South Boston of which he is presently the sole occupant, and in which there is room for Painten to live if released. He did not testify or give any indication that Painten himself had expressed any intention or willingness to reside with his father and it is significant to note that in a summary of Painten's criminal record, filed with this court by agreement of counsel, Painten, who is single, is listed by the office of the Commissioner of Probation as having had nine different addresses in Boston.

Another witness was Painten's sister-in-law who testified that her husband is employed by a furniture mover in Boston and that arrangements have been made by her husband for employment for Painten as a movers' helper on the staff of her husband's employer. She did not testify that Painten had indicated any intention or willingness to accept this employment.

The third witness called on behalf of Painten was Professor Walter Clark who teaches psychology and theology at the Andover Newton Theological School. He testified that he had seen Painten seven or eight times a year since the spring of 1962, occasionally alone but usually in a group ranging from two to ten prisoners. Professor Clark testified at some length as to his opinion that Painten has been substantially rehabilitated while in state prison, and made it clear that his opinion is primarily based upon a "remarkable religious experience" that Painten underwent in 1962. On cross-examination the Commonwealth brought out that this "remarkable religious experience," which was otherwise not explained in the testimony, occurred during a six-month period when Painten was participating in experiments with psychedelic drugs, including LSD, under the supervision of Dr. Timothy Leary who was then on the Harvard faculty. Professor Clark expressed the opinion that although he considered Painten to be a shrewd character, he did not believe he would abscond, and were he in a position to do so (which he is not) he would give employment to Painten in a position which entailed access to substantial amounts of money. He also said that he believed Painten to be a truthful person.

The Commonwealth presented no evidence at the hearing but obtained an agreement from counsel for Painten that instead of waiting until certified copies of each of his many convictions could be procured and filed with the Clerk, in lieu thereof a summary of Painten's record, prepared by the Massachusetts Department of Probation, would be substituted. Subsequently the Clerk was advised that counsel for Painten had read this summary of his record to Painten over the phone and Painten agreed that the summary was a substantially accurate account of his record. The summary is appended to this Opinion as Exhibit A.

■ A threshold question as to what ground rules are to cover the determination of Painten's admissibility to bail pending appeal must be resolved prior to a determination of the basic question of his eligibility for discharge on bail. Supreme Court Rule 49 regulates the custody of prisoners pending review in habeas corpus proceedings. The order entered herein by this court does not fall within any of the categories of orders enumerated in Supreme Court Rule 49, and consequently this application for admission to bail falls outside the operation of Supreme Court Rule 49. O'Brien v. Lindsey, 202 F.2d 418 (1st Cir. 1953).

■ It has been settled in a long line of cases that when upon habeas corpus it is concluded that the detention is unlawful, the outcome is not necessarily an order directing the immediate discharge of the prisoner. In re Medley, Petitioner, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835 (1890); In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951).

■ The Court of Appeals for this Circuit has held that a state court prisoner seeking admission to bail after obtaining a favorable ruling in the district court of Massachusetts on a petition for habeas corpus is not entitled as of right to be discharged on bail pending the appeal. Obviously having in mind that a petition for a writ of habeas corpus filed in a Federal district court complaining of detention pursuant to a judgment of a state court involves a collateral attack upon a final judgment of the Supreme Court of the state involved, and further having in mind that until the correctness of the district court's decision is decided on appeal the prisoner is still in state custody pursuant to a final judgment of the state Supreme Court, the Court of Appeals for this Circuit observed in O'Brien v. Lindsey, 202 F.2d 418, 420 (1953):

"[I]t is by no means clear that as a matter of right and routine a state prisoner should be set at large pending review in a court of appeals of a federal district court order discharging the prisoner on habeas corpus."

The Court further said, with specific regard to Supreme Court Rule 45 (now Su-

preme Court Rule 49), "[D]ischarge of the state prisoner pending this appeal is certainly not mandatory." (Id. at p. 421.) This decision of the Court of Appeals for the First Circuit was adopted by the Seventh Circuit in United States ex rel. Calhoun v. Pate, 341 F.2d 885 (1965), where the Court applied the same ruling to an application for bail under present Supreme Court Rule 49(3). In denying Calhoun's emergency application for release on bail pending review, Mr. Justice Clark cited O'Brien v. Lindsey.

■ On the basis of the foregoing I conclude that the question of whether or not to release a state court prisoner pending review on appeal of an order granting him a conditional discharge from custody is addressed to the sound discretion of the trial court and in deciding what criteria are to be evaluated in discharging this discretion I am of the opinion that the cases reflecting the exercise of discretion by various courts pursuant to the provisions of Rule 46(a) (2), Federal Rules of Criminal Procedure, provide the most appropriate standard for the exercise of this discretion.

■ On the basis of all the evidence produced at the hearing on bail, and having in mind the evidence I heard at the hearing on the basis of which Painten's conditional discharge was ordered, including my observations of Painten himself who was present and testified at that hearing, and further having in mind his criminal record, I am of the opinion that upon consideration of the appropriate criteria for the exercise of my discretion, the proper administration of justice directs that he not be admitted to bail pending appeal for the following reasons:

■ The first criterion to be considered is insuring the presence of the defendant when his case is reached for retrial, or, putting it another way, the danger of the prisoner's absconding if released on bail. E. g., Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 796, (1962) Douglas, J.; Ellis v. United States, 79 S.Ct. 428, 3 L.Ed.2d 565 (1959) Warren, J.; Ward v. United States, 76 S.Ct. 1063, 1 L.Ed.2d 25 (1956) Frankfurter, J. I consider Painten to be a poor bail risk as regards this element. He is presently forty-two years of age and still faces fourteen years in state prison under the sentence he is currently serving if the Commonwealth succeeds in its appeal and faces a new trial if the Commonwealth is unsuccessful. It appears from the transcript of his state court trial that, as he is doubtless well aware, there was ample evidence presented at that trial to warrant a conviction even without the illegally seized articles. He is single, has virtually no occupational record in any lawful employment, has lived at eight or nine different addresses during his adult years, and has used several aliases. Nothing has been adduced tending to show a close family relationship between Painten and his father or brother, and the record shows he has lived away from them for many years, that he has no wife and children who would act as ties to bind him with the Commonwealth, and that he was living with an unidentified woman fictitiously identified as his wife at the time of the illegal search of his apartment. The danger of his absconding is increased by the fact that his record is sprinkled with arrests and convictions for drunkenness. He has no physical affliction which would hamper his ability to flee the Commonwealth. On the basis of all of these factors I believe that there is a very high risk of his absconding if he were admitted to bail.

■ Another factor which in my judgment very definitely warrants serious consideration by the court is Painten's potential danger to the community if released on bail. Mr. Justice Douglas has told us that not to consider a defendant's potential impact on the community would be an abdication of the court's function, saying, in Carbo v. United States, 82 S.Ct. 662, 666, 7 L.Ed.2d 769, 774 (1962), "If, for example the safety of the community would be jeopardized, it would be irresponsible judicial action to grant bail."

The denial of bail was again upheld by Mr. Justice Douglas sitting as circuit jus-

tice in Rehman v. California, 85 S.Ct. 8, 13 L.Ed.2d 17 (1964), a case involving a district court finding that the defendant therein was a threat to the health, safety and welfare of the community.

Chief Justice Warren sitting as circuit justice has likewise indicated that "while bail is normally to be granted pending appeal, it may be denied only in cases in which from substantial evidence it seems clear that the right to bail may be abused or the community may be threatened by the applicant's release." Leigh v. United States, 82 S.Ct. 994, 8 L.Ed.2d 269, 271 (1962).

In addition to the single Justice opinions referred to above, the Courts of Appeal for at least five of the circuits have indicated that the risk of the applicant using release on bail as the occasion to escape does not exhaust the considerations that may warrant denial of bail. See United States v. Wilson, 257 F.2d 796 (2nd Cir.); Rhodes v. United States, 275 F.2d 78 (4th Cir.); United States v. Williams, 253 F.2d 144 (7th Cir.); Esters v. United States, 255 F.2d 63 (8th Cir.); Christoffel v. United States, 89 U.S.App. D.C. 341, 196 F.2d 560; and an intimation to the same effect in the opinion of Mr. Justice Frankfurter in Ward v. United States, 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25.

The best evidence of Painten's potential danger to the community is contained in the appended record which indicates that over his entire lifetime he has gone from the commission of one crime into jail and out of jail into the commission of a succeeding and often more serious crime with regrettable regularity. After being committed to the Shirley School as a juvenile he escaped, was caught and returned. He was released on parole in March 1943 and five months later was arrested for breaking and entering and larceny. He was convicted of this offense and sentenced to one year in the Middlesex House of Correction. Upon his release on parole in May 1944, he promptly violated his parole by an arrest for drunk-

enness six days later. In Ocotber 1944 he was arrested for attempted breaking and entering with intent to commit larceny, and possession of burglarious tools. He was convicted on this charge and sentenced to an indefinite five-year term in the Massachusetts Reformatory. He was released on parole from this sentence but this parole was revoked in April 1948 and he was returned to the reformatory, from which he was discharged in November 1948. About a year later he was arrested and convicted of breaking and entering and sentenced to eighteen months at Deer Island. He was released in April 1951 and about a year later was arrested and convicted for attempted breaking and entering with intent to commit larceny, possession of burglary tools, and breaking and entering and larceny. Both of these convictions involved breaking into private homes. He was sentenced to two and one-half years to three years in state prison and was discharged from this sentence in February 1955. He was arrested and convicted of breaking and entering again in July 1956 and sentenced to one year in the House of Correction. His last conviction was in 1958 when he received the sentence involved herein for armed bank robbery, masked and disguised, conspiracy to steal, and larceny of an automobile. The record indicates that the bank robbery was a deliberately planned and deliberately executed crime of violence perpetrated by Painten and two co-defendants.

This record indicates to me that Painten has demonstrated a lifelong pattern of persistence in crimes of violence and that this persistence spread over his entire adult life in substance establishes a high degree of probability that he has become incorrigible as a practical matter and will continue to pursue his criminal ways whenever the opportunity to do so is afforded to him. In reaching this conclusion as to his propensity to persevere in his criminal ways if discharged on bail, it should be noted that I do not accept or agree with Professor Clark's opinion as to Painten's truth and veracity or

as to his rehabilitation. It is not totally without significance that although eligible for parole Painten has been denied parole by the Massachusetts Parole Board despite Professor Clark's testimony before the Board in support of his application. The extent of my disbelief of Painten's truthfulness is readily apparent from a comparison of his testimony at the hearing and the findings of fact contained in my opinion filed on March 31, 1966. To release such a person in my judgment would be to visit a definite threat to its safety upon the community.

In summation, I find that there is a substantial risk that if admitted to bail Painten would abscond, and also that if released he would be a definite threat to the safety of the community.

Counsel have advised the court that the Massachusetts Department of Correction is concerned as to the propriety of Painten's continuance at the Massachusetts Correctional Institution at Concord pending appeal. I rule that pending appeal Painten is properly in the custody of the Department of Correction at Concord.

The motion for release on bail pending appeal is denied.

EXHIBIT A

| 10–4–37 | Boston Juvenile | Breaking & Entering nt (store break) | Continued 10–6–37 adjudged delinquent—probation 9–14–38—surrendered—filed |
|---|---|---|---|
| 6–12–40 | Dorchester | Delinquent, using auto without authority | Continued 6–18–40—Shirley School sent. suspended 3–15–41—surrendered—committed Shirley School (see 3–10–41) 6–24–41—ran 6–27–41—returned (see 6–27–41) 3–6–43—released on parole |
| 3–10–41 | Brighton | a, Larceny of auto b, Using auto without authority c, wrong number plates | a, b and c—continued 3–15–41—a, b and c filed (see 6–12–40) |
| 6–25–42 | Boston | Drunkenness | Released by probation officer |
| 6–27–42 | Roxbury | Using auto without authority | Shirley School 3–6–43—released on parole to 11–5–45 |
| 8–30–43 | Boston | Breaking entering nt and larceny | Continued 9–17–43—bound over Suffolk Superior Ct. 10–13–43—1 year Middlesex House of Correction #124991 5–19–44—released on parole |

| | | | |
|---|---|---|---|
| 5-25-44 | Boston | Drunkenness | Released by probation officer. |
| 7-18-44 | Boston | Larceny from the person | 1 year House of Correction—appealed Suffolk Superior Ct. 8-8-44 not guilty |
| 10-19-44 | Boston | a, attempt to break and enter intent larceny<br>b, possessing burglarious tools<br>c, conspiracy to break and enter | a, b and c—continued 11-10-44—a, b and c—bound over Suffolk Superior Court 12-18-44—a—5 years indefinite Mass. Reformatory #32712.<br>b—5 years indefinite Mass. Reformatory conc. with a.<br>c—Not guilty 4-4-46—released on parole 4-16-48—parole revoked—returned Mass Reformatory 11-6-48—discharged |
| 9-8-47 | Hingham | a, operating under the influence of liquor<br>b, operating after license suspended<br>c, drunkenness | a, $40. fine, suspended b, 10 days House of Correction sentence suspended c, $5, fine, suspended 9-15-47—c—fine paid 10-1-47—a—defaulted 10-3-47—a—default removed fine paid 3-8-48—b—filed |
| 4-6-48 | Boston | Drunkenness | 3 months House of Correction—appealed Suffolk Superior Court 4-16-48—nolle prossed |
| 12-16-49 | W. Roxbury | Breaking entering nt intent larceny | bound over Suffolk Superior Court 1-11-50—18 months Deer Island House of Corr. 4-23-51 released at expiration of sentence. |
| 5-8-51 | Dorchester | Drunkenness | Released |
| 12-24-51 | Roxbury | Drunkenness | Released |
| 1-5-52 | Roxbury | Drunkenness | Released |
| 4-15-52 | Boston | Drunkenness | 10 days County Jail—sentence suspended 9-24-52—surrendered |

| | | | |
|---|---|---|---|
| 5–12–52 | Roxbury | Drunkenness | Released without arraignment |
| 8–29–52 | Somerville | a, attempt to break and enter dt intent larceny<br>b, possessing burglarious implements<br>c, Police, responding to a call made by a 65-year old woman resident of Somerville, apprehended subject and two others before a break into her home could be accomplished. | a and b—bound over Middlesex grand jury indicted for<br>a<br>b<br>c—breaking entering dt and larceny<br>Middlesex Superior Ct. 9–18–52—a, 2½–3 years Mass. State Prison<br>b, 2½–3 years Mass. State Prison conc. with a<br>c, 2½–3 years Mass. State Prison conc. with a.<br>11–26–52—transferred to State Prison Colony. |
| 2–12–55 | | Discharged from prison. | |
| 3–13–56 | Hingham | a, Drunkenness<br>b, Operating under influence of liquor<br>c, Operating after license suspended | $10. com.<br>$100. com.<br>$50. com. |
| 7–12–56 | Roxbury | Drunkenness | Released |
| 7–20–56 | Boston | Breaking and entering D.T.<br>Assault & battery | 1 year House of Correction. App.<br>1 month House of Correction, App.<br>7–23–56 Appeal withdrawn on breaking and entering D.T., one year House of Corr.<br>7–23–56 Appeal withdrawn on assault and battery-sentence revoked and filed. |
| 7–9–58 | Middlesex | Armed robbery, masked and disguised—larceny of automobile—conspiracy to steal | 19–20 years at the M.C.I., Concord, on armed robbery; 9–10 years at the M.C.I., Concord, on larceny; and 2 years Essex House of Corr. from and after on consp. to steal. |