**Walter SMITH, Petitioner,**

v.

**Jack CALDWELL, Warden, Georgia State Prison, Reidsville, Georgia, Respondent.**

**Civ. A. No. 2841.**

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 28, 1972.

John J. Sullivan, Savannah, Ga., for petitioner.

William F. Bartee, Jr., Asst. Atty. Gen. of Ga., for respondent.

## ORDER DENYING BAIL PENDING APPEAL

LAWRENCE, Chief Judge.

Petitioner is a state prisoner who in 1967 was convicted of manslaughter in

the Superior Court of Chatham County and was sentenced to fifteen years imprisonment. He applied to this Court in 1971 for a writ of habeas corpus. The grounds of his petition are that he (a white man) was unlawfully indicted and convicted in that there was a racial imbalance in the jury system in favor of whites and because the Georgia law is discriminatory in relieving lawyers, doctors, dentists, teachers, etc. from jury service. Petitioner also contends that his appeal to the Georgia Court of Appeals from his conviction was dismissed on a purely technical ground and deprived him of due process by denying his right of appeal. See Smith v. State, 119 Ga.App. 93, 166 S.E.2d 394.

█ I denied the application for the writ on January 4, 1972.[1] Thereupon the prisoner filed notice of appeal to the Fifth Circuit. He then applied to that Court for an order setting bond pending appeal from the denial of habeas corpus relief. The Clerk returned the papers to Petitioner, informing him that the application should be re-addressed to the Clerk of this Court. Requests for release pending appeal should ordinarily be filed first in the district court. See Baker v. Sard (Sheehy), 137 U.S.App. D.C. 139, 420 F.2d 1342.

The prisoner has now applied for release on bail in accordance with Rule 23(b) F.R.A.P. which provides that pending review of a decision refusing the writ of habeas corpus the prisoner may be detained in the custody from which release is sought or may be enlarged upon his recognizance, with or without surety, "as may appear fitting to the court or justice or judge rendering the decision. . . ."[2]

An application for release on bail by a state prisoner came before me in 1970 following my denial of the writ and I ruled that enlargement is within the discretion of the court. In denying the request for bond I noted that respondent opposed the motion on the ground that the prisoner had a lengthy criminal record, had committed several crimes while on parole, and had escaped from confinement on one occasion. The order refusing bail was upheld by the Fifth Circuit which denied release. See Charles Fleming v. S. Lamont Smith, No. 26872 (Dec. 4, 1970).

█ How broad is the court's discretion? Certainly Rule 23(b) gives the judge far more leeway than he possesses in the case of bail on appeal following a *federal* conviction. There it may be allowed unless the appeal is frivolous or for delay.[3] The language in the Rule, "as may appear fitting," is nearly as broad as "at the pleasure of the court." There has been little in the way of judicial interpretation of Rule 23(b). It has been held that the liberal standards of the Bail Reform Act of 1966 are not applicable in the case of

---

1. Among the decisions I relied on as to effect of racial discrimination in jury selection in such cases was Peters v. Kiff (5 Cir.), 441 F.2d 370. Certiorari has been granted by the United States Supreme Court in that case and argument heard on the question of whether a white defendant has standing to challenge the composition of grand and petit juries from which Negroes have been systematically excluded. See 404 U.S. 964, 92 S.Ct. 341, 30 L.Ed.2d 284.

2. Rule 23(b) is taken from Rule 49(2) of the Rules of the Supreme Court of the United States.

3. Rule 46(a) (2). Enlargement thereunder is normally allowed and denial is justified only in unusual cases. Rhodes v. United

States, 4 Cir., 275 F.2d 78, 82. The government has the burden of persuading the judge that the minimum standards for allowing bail have not been met. 8 Am.Jur.2d Bail and Recognizance § 34, n. 14. It will be denied only where there is substantial evidence that bail may be abused or the community endangered by a release. Leigh v. United States, 8 L.Ed. 2d 269, 82 S.Ct. 994 (per Warren, Chief Justice, as individual justice). See also Sellers v. United States, 21 L.Ed. 64, 89 S.Ct. 36 (per Mr. Justice Black as individual justice). Applications for bail pending appeal from denial of § 2255 motions require a showing of unusual circumstances. Bruce v. United States, D.C., 256 F.Supp. 28, 30; Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464.

state prisoners. Since the federal government is better equipped to keep track of and recover defaulting prisoners on a nationwide scale than a state, "It can, accordingly, afford liberality that a state cannot." Ballou v. Commonwealth of Massachusetts, 1 Cir., 382 F.2d 292. While there was no 23(b) situation in Baker v. Sard (Sheehy), *supra,* there is analogy in that the case involved a collateral attack upon a sentence imposed in the District of Columbia. The two Court of Appeals judges who passed on the application for release on bail said:

" . . . when the attack is collateral, the release request ordinarily must be measured against a heightened standard requiring a showing of exceptional circumstances. A forceful special circumstance is the likelihood of success on appeal. Here appellant raises substantial issues. Nevertheless, likelihood of success on appeal is only the first step in demonstrating the appropriateness of a requested release. Other matters, including the threat of flight from the jurisdiction, must be considered, and they should be considered first in the District Court."

In Painten v. Commonwealth of Massachusetts, D.C., 254 F.Supp. 246 a state prisoner sought federal habeas corpus relief and, after a hearing, was ordered discharged from state custody if not retried within sixty days. The Commonwealth appealed to the First Circuit which remanded the case for consideration by the lower court of the matter of admission to bail pending the appeal. In denying bail, the district court stated: "The first criterion to be considered is insuring the presence of the defendant when his case is reached for retrial, or, putting it another way, the danger of the prisoner's absconding if released on bail."

■ While judicial discretion is not unfettered, I think that a good deal of latitude exists as to its exercise by federal courts in the instance of prisoners in state custody. After all, they are prisoners of the state, not of the Government. The latter has no responsibility whatever to see that the accused appears on the day he is retried by the state.

■ The power of federal courts to order release pending appeal from denial of habeas corpus should be narrowly exercised. In United States ex rel. Epton v. Nenna, D.C., 281 F.Supp. 388, District Judge Frankel touched upon this subject. The only difference between that case and the present is that in the former the prisoner seeking federal habeas corpus relief after a state conviction applied for bail prior to and not after a final decision as to whether the writ would be issued. While holding that the power to enlarge on bail exists in such instances, the District Judge noted:

"It is, however, a power that ought to be most sparingly exercised. Where the State has carried a prosecution to conviction and the verdict has been sustained through the appellate process, including denial of certiorari and dismissal of appeal by the Supreme Court, there are compelling interests on the side of proceeding to execute the criminal judgment. It should require a substantial showing of countervailing circumstances to override or postpone that objective."

In Gilmore v. California, 364 F.2d 916, 919; cert. denied, 397 U.S. 1078, 90 S.Ct. 1529, 25 L.Ed.2d 814 the Court of Appeals for the Ninth Circuit said, "We do not ordinarily grant bail to state prisoners seeking habeas corpus; we do not think we should in this case, assuming that we have the power." Citing *Epton, supra,* a district court has observed that "bail is rarely granted in habeas corpus proceedings." Groppi v. Leslie, 311 F.Supp. 772, n. 10.

■ The basis of Petitioner's request for enlargement is that if he prevails on his pending appeal (and he thinks he will) he cannot be compensated for the daily injustice he will meanwhile suffer as a result of the denial of due process

at his state trial. I will not speculate as to how the Supreme Court will decide Peters v. Kiff, *supra*. In any event, ample reasons exist here for refusing enlargement on bail.[4] When the application therefor was presented, I ordered Respondent to make a showing as to why bond should not be set. This has been done. An affidavit accompanying defendant's response shows that in 1958–1960 Petitioner was the subject of three burglary investigations and was sentenced in one such case. He escaped from the Prison Branch at Savannah while serving his present manslaughter sentence by sawing a bar and cutting a metal window. He was recaptured several months later. The tentative expiration of Smith's state sentence is in May, 1977.

Petitioner is not a good risk for enlargement and his motion is denied.

---

4. As a matter of fact, Petitioner would have to be enlarged upon his recognizance pending appeal since he is without funds to post bond. He filed the habeas corpus proceeding in this Court and his request for bail in forma pauperis.