422

**GUTTERMAN v. HUMPHREY,**
Warden, et al.
No. 260.

United States District Court
M. D. Pennsylvania.
Aug. 13, 1951.

See also 71 F.Supp. 51.

Maurice Alvin Gutterman, pro se.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for respondent.

1. 1948 Edition, section 2314.

2. 1948 Edition, section 500.

3. 1948 Edition, section 4161.

WATSON, Chief Judge.

This is a petition for a writ of habeas corpus filed by Maurice Alvin Gutterman, a prisoner in the United States Penitentiary, Lewisburg, Pennsylvania. Petitioner having contended that he was illegally detained and imprisoned by respondent, the respondent was directed to show cause why the writ should not be granted. It appearing that the application for the writ of habeas corpus and the return present only issues of law and not of fact, the Court will determine the right of the petitioner to be released without requiring his presence at a hearing.

On May 11, 1943, petitioner was sentenced by the United States District Court for the Western District of North Carolina to a term of four years for violation of 18 U.S.C. § 415.[1] While serving this sentence at the Atlanta Penitentiary, petitioner was sentenced by the United States District Court for the Eastern District of New York on March 28, 1944 to a term of three and one-half years for violation of 18 U.S.C. § 347,[2] with said period of imprisonment to run consecutively to the sentence petitioner was then serving.

Petitioner was transferred to the United States Penitentiary at Lewisburg, Pennsylvania, on March 7, 1945, at which time the four year sentence and the three and one-half year sentence were aggregated into a single seven and one-half year sentence to commence on May 11, 1943, for the purpose of computing "statutory good time" as provided in 18 U.S.C. § 710.[3]

On September 1, 1948, petitioner was released conditionally under the provisions of 18 U.S.C. § 4164,[4] with credit for 720 days of "statutory good time", 22 days "industrial good time", and 58 days "meritorious good time" under 18 U.S.C. §§ 4161, 4162, 4163.[5] Having been released as if on parole, petitioner was subject to all provisions of law relating to the parole of United States prisoners until the expiration

4. 1940 Edition, section 716b.

5. 1940 Edition, sections 710, 710a, 744h, 713.

of the maximum term or terms for which he was sentenced. 18 U.S.C. § 4164.

On or about March 27, 1950, petitioner violated the provisions of his conditional release and was arrested on March 20, 1951. He was returned to the United States Penitentiary at Lewisburg on March 27, 1951, to serve the balance of the unexpired portion of the maximum terms for which he had been sentenced, or a total of 800 days, subject to any allowances for good conduct which petitioner may earn. The date on which the maximum term will expire is May 27, 1953, and the minimum term date is October 29, 1952.

Petitioner contends that the respondent acted without legal authority and contrary to law when he aggregated the separate sentences of four years and three and one-half years into a single sentence of seven and one-half years, as a result of which petioner contends he was deprived of the "good time" which he had earned on the first sentence of four years.

■ Petitioner's contention is without merit. The aggregating of sentences was in accordance with the provisions of 18 U.S.C. § 710,[6] which read, "* * * When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

The petitioner was not deprived of his "good time" on the original sentence by the aggregating of sentences, but rather given a "good time" deduction of eight days per month for the entire seven and one-half years, instead of the seven days for each month of the original four year sentence which he would have received had the sentences not been aggregated. The prisoner clearly has no cause to complain for he was conditionally released from prison at an earlier date than he would have been had his sentences not been aggregated.

As was stated by this Court in Bickel v. Hiatt, Warden, D.C.1946, 66 F.Supp. 748, 751, "The petitioner, upon leaving the penitentiary, accepted the conditional release for whatever period remained to be served of the maximum of the total of the two sentences, and, having violated the conditions of his release within the period thereof, he was required, pursuant to the provisions of Title 18 U.S.C.A. § 723c,[7] to serve the unexpired term of his imprisonment when returned to the custody of the Attorney General upon execution of the violator warrant".

During the period of his conditional release from prison, petitioner was master of his ship and it was he alone who steered it upon the shoal, and thus, once again, deprived himself of the freedom which a law-abiding citizen enjoys.

An appropriate order denying the petition for a writ of habeas corpus will be filed herewith.

---

6. 1948 Edition, section 4161.

7. 1948 Edition, section 4205.