**Petition of Roy Henry GOSS, Jr., for a Writ of Habeas Corpus.**

**H. C. No. 384.**

United States District Court
D. Hawaii.

Jan. 17, 1966.

Ogata & Ueoka, by Meyer Ueoka, Wailuku, Maui, Hawaii,. for petitioner.

Bert Kobayashi, Atty. Gen., State of Hawaii, by Kase Higa, County Atty.,

Wailuku, County of Maui, for State of Hawaii.

TAVARES, District Judge.

Roy Henry Goss, Jr., petitions this Court for a Writ of Habeas Corpus, in an effort to compel his admission to bail. He is held by the State of Hawaii on a charge of first degree murder.

On October 21, 1965, petitioner was afforded a preliminary hearing in the District Court of Wailuku, being a magistrate's court of the state, which hearing resulted in his being bound over to the Second Circuit Court of the state. On October 22, 1965, he was indicted by a state Grand Jury of the Second Circuit, on a charge of first degree murder. On October 25, 1965, petitioner's application by way of motion for bail was heard in the Second Circuit Court; following argument on November 3, 1965, that application was denied. Petitioner then petitioned the Hawaii Supreme Court for a Writ of Habeas Corpus, in an effort to have bail set, and on November 19, 1965, that Court issued its memorandum opinion which, among other things, reached the following conclusion:

"We have carefully reviewed the record in Criminal No. 3202, as supplemented by the affidavit filed by petitioner in this court, and conclude petitioner's restraint is not unlawful."

In presenting his petition to this Court, petitioner relies with special emphasis on the statement in Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572 that:

"* * * where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. 115, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679 [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless."

But this is not a case in which the state affords no remedy, nor is it a case in which the remedy afforded by state law has proved to be unavailable or seriously inadequate. On the contrary, petitioner has taken full advantage of his state remedies, which have been vigorously pursued by his able counsel.

Petitioner also emphasizes the following statements in Carlisle v. Landon, 97 L.Ed. 1642, 1645:

"It is the unreasoned denial of bail that the Constitution condemns. * * * There must be an informed reason for the detention."

These are correct statements of abstract law, but they, and other authorities cited in petitioner's supporting memorandum, are either not in point because they do not apply to the circumstances of petitioner's case, or, being decisions of courts of states other than Hawaii, are not binding on the Hawaii Supreme Court, whose construction of the Constitution and laws of Hawaii is final and binding on this Court. The circumstances of this case present no substantial *federal* question which would justify the intervention of this Court at this stage and in the manner sought.

This Court has carefully reviewed the record on which the petition is based, including the petitioner's affidavit and the arguments of counsel, and agrees with the Hawaii courts that there are "informed reasons" for petitioner's detention. Therefore, the petition for a Writ of Habeas Corpus is hereby denied.