**David CONNERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19642.**

United States Court of Appeals
District of Columbia Circuit.

April 6, 1966.

Motion for Rehearing en Banc of
Order Denying Bail Denied
May 12, 1966.

Before BAZELON, Chief Judge, WILBUR
K. MILLER, Senior Circuit Judge, and
DANAHER, Circuit Judge, in Chambers.

### ORDER

PER CURIAM.

The Clerk is directed to file appellant's *pro se* motion for release on personal recognizance pending appeal and on consideration whereof, it is

Ordered by the court that appellant's aforesaid motion is denied.

PER CURIAM:

It is quite so that the District Court for reasons not shown on the record before us fixed bail in the amount of $2,000, but when an application is made here for relief, important duties devolve upon this court. This appellant has asked, pro se, to be released on his personal bond. His application has informed us that he has refused "to cooperate with the D. C. Bond Project." He adds "I also know that I am not recommendable for bond by their criteria because I was on Conditional Release from a previous conviction at the time of my arrest in this case."

Our Rule 33 is correlated with Rules 38(b) and (c), 39(a), 42(b) and 46 of the Federal Rules of Criminal Procedure. In particular Rule 46(a)(2) provides that bail *may* be allowed pending appeal. There is no absolute right to release.

Our Rule 33 specifies various factors which may be considered by this court in determining whether bail should be allowed, and importantly there is the problem of "whether the safety of the community would be jeopardized."

Significantly pressed upon us for review is the appellant's claim that the trial judge erred in denying appellant's motion for judgment of acquittal by reason of insanity. One of the appellant's experts at the trial testified that he had spent some 300 hours with the appellant over a four and a half year period. The expert, attached to Lorton, testified that

**504**

Conners is suffering from a sociopathic personality of severe type. He stated that his opinion was based in part on knowledge from prison records "when Conners had first been at Lorton serving there on another charge."

This court sitting as a Judicial Council, long since promulgated a statement of criteria as to the showing which must be made in support of applications for relief in bail situations. Pursuant thereto, a copy of our applicable order has long since been available to counsel. We have repeatedly applied the tests there specified in a series of orders which have been issued at least since February, 1964; see, e. g., Christian v. United States, 123 U.S.App.D.C. 99, 357 F.2d 290 (1965).

■ Not only has there been no showing of this appellant's general background upon which this court might act within the ambit of our requirements, there is nothing before us to suggest that the safety of the community would not be jeopardized or that this appellant might not indeed be a menace to himself and to others. It is being insisted on his appeal that the appellant was and is insane.

In such circumstances, notwithstanding the expression of dissenting views by our colleague, we adhere to our view that the appellant's motion for release pending appeal should be denied.

BAZELON, Chief Judge (dissenting):

I would grant appellant's motion for release. The District Court found appellant a fit subject for release when it granted bail in the amount of $2,000. But appellant has been unable to find a bondsman willing to write the bond. The question arises whether bail bondsmen or the court should determine the matter of release. We recently held in McCoy v. United States, 123 U.S.App.D.C. 81, 357 F.2d 272, decided January 17, 1966, that it is "manifestly unjust" in these circumstances "to permit professional bondsmen to 'hold the keys to the jail in their pockets.'" (357 F.2d p. 273). The courts should "provide substitutes, in the case of indigent defendants, for conventional bonds of professional bondsmen." (357 F.2d p. 273).

I would implement the District Court's decision admitting appellant to bail by requiring that appellant execute a personal bond of $2,000 signed by two members of his family, and that he live with his family and report to the Probation Officer of the U. S. District Court for the District of Columbia.