**UNITED STATES of America ex rel. William EPTON, Petitioner,**

v.

**Albert NENNA, Warden, Manhattan House of Detention for Men, Respondent.**

**No. 68 Civ. 461.**

United States District Court
S. D. New York.

Feb. 15, 1968.

Eleanor Jackson Piel, Sanford M. Katz, New York City, for petitioner.

Frank S. Hogan, Dist. Atty. of New York County, Robt. D. MacLachlan, Jr., Asst. Dist. Atty., for respondent.

## MEMORANDUM

FRANKEL, District Judge.

The petition for habeas corpus raises complex and difficult questions of due process in both the procedural and the substantive meanings of the constitutional phrase. To mention only the problem which has caused particular concern at the outset of this proceeding, there is a sweeping attack upon the composition of the grand jury which indicted petitioner, implicating both the adequacy of the governing state statutes on their face and the application of the statutes in the circumstances of this case. There are, in addition, questions under the First Amendment (as it applies to the States through the Fourteenth) which led one Justice of the Supreme Court to file a dissent from the denial of certiorari (and dismissal of an appeal) and another to note the limited grounds of his concurrence in that disposition. Epton v. New York, 390 U.S. 29, 88 S.Ct. 824, 19 L.Ed. 2d 808, Jan. 22, 1968 (Douglas, J., dissenting, and Stewart, J., concurring).

■ With the filing of the present habeas application, petitioner applied for release on bail by this court pending decision as to whether the writ should finally issue. While the question may not be wholly free from doubt, the court concludes that there is power to grant such interim relief. See, e. g., Johnston v. Marsh, 227 F.2d 528, 56 A.L.R.2d 661 (3d Cir. 1955); Application of Stecker, 271 F.Supp. 406, 407–408 (D.N.J.1966), aff'd, 381 F.2d 379 (3d Cir. 1967); United States ex rel. Stevens v. McCloskey, 239 F.Supp. 419, 424 (S.D.N.Y.), aff'd on other grounds, 345 F.2d 305 (2d Cir. 1965), rev'd on other grounds, 383 U.S. 234, 86 S.Ct. 788, 15 L.Ed.2d 724 (1966); United States ex rel. Mancini v. Rundle, 219 F.Supp. 549 (E.D.Pa.1963), aff'd, 337 F.2d 268 (3d Cir. 1964). It is, however, a power that ought to be most sparingly exercised. Where the State has carried a prosecution to conviction and the verdict has been sustained through the appellate process, including denial of certiorari and dismissal of appeal by the Supreme Court, there are compelling interests on the side of proceeding to execute the criminal judgment. It should require a substantial showing of countervailing circumstances to override or postpone that objective.

■ Proceeding upon such premises, the court heard extensive argument and studied preliminarily the voluminous papers supporting the bail application. It appeared in the end that this was one of the relatively rare cases in which relief of this kind should be granted. The factors leading to this conclusion are:

(1) The substantiality of the issues posed by the habeas petition.

(2) The inevitably long time it would require for the evidentiary hearing and study necessary to resolve at least the grand jury issue.

(3) The fact that petitioner, having served three months before he was released on bail pending his state appeal, will probably complete his sentence within the next five months or so.

(4) The fact, just mentioned, that petitioner actually served three months during the state appellate process, whereas the eventual ruling of the trial judge, certifying the existence of "reasonable doubt," represented a mature judgment that this period of incarceration should ideally have been avoided.

(5) The undisputed judgment, reflected in the comments of Mr. Justice Harlan granting bail pending disposition of the petition for certiorari, that petitioner presents no substantial danger of absconding while he is free on bail.

The conclusion that this was a proper case for the granting of bail, conveyed to counsel during a second oral hearing, tended in practical effect to intensify some difficult and delicate procedural problems in the case. Initially at least, there was doubt and some ambiguity as to respondent's stance with respect to the grand jury questions. It was arguable (but, in this court's tentative judgment, not tenably) that petitioner had "waived" his attacks upon the indictment which raised such questions. Whether or not there had been a waiver, it was clear that these matters had never been fully explored in the state proceedings. And this in turn stirred inquiries as to whether there was an adequate and appropriate remedy yet to be exhausted in the state courts.

It became evident, for reasons that require no elaboration at this time, that there were cogent arguments against merely sending the petitioner elsewhere in pursuit of a problematical possibility of a state remedy. It was equally evident, however, that the most insistent claims of comity would make it preferable to have the courts of New York rather than the federal district court canvass the grand jury problem in the first instance. Cf. Chestnut v. People of State of New York, 370 F.2d 1, 6–8 (2d Cir. 1966), cert. denied, 386 U.S. 1009, 87 S. Ct. 1355, 18 L.Ed.2d 439 (1967). That course was plainly to be preferred if it could be pursued without undue sacrifice of petitioner's personal rights.

■ The considerations thus briefly outlined were explored at length in frank and helpful discussions with counsel. Confronting this court's preliminary estimates that (1) there should be bail and (2) the grand jury problem, as well as the others, required plenary consideration, the District Attorney's able representative has now joined with petitioner's counsel in the following statement of position and program of action:

(1) Petitioner's contentions regarding the grand jury—affecting the statutes on their face and as applied—are open for hearing on the merits in a state *coram nobis* proceeding.

(2) In addition to acknowledging such jurisdiction, the respondent will acknowledge and concede that petitioner's release on bail should be permitted by the state court pending completion of the state remedial process.

(3) The state court hearing will proceed upon the basis of the record already made in People v. Otis Chestnut, N.Y.Crim.Ct. No. B–2430/1965, now pending on appeal to the Appellate Term, plus such supplementary evidence as the *coram nobis* court may deem material and relevant.

(4) Counsel for both sides will cooperate to effect the fair and expeditious presentation of the foregoing matters to the State Court.

(5) While such steps are being taken, this court will hold in abeyance the pending habeas petition.

The foregoing outline is meant to record where we are and to reflect such judgments of fairness and propriety as the court, grateful for the skilled and professional assistance of counsel, has been able to achieve with the relative speed that the circumstances seemed to dictate. If and when further proceedings are required here, they may be commenced on two days' notice.