James V. DeANGELIS, Petitioner,

v.

The STATE OF SOUTH CAROLINA and William D. Leeke, Director, South Carolina Department of Corrections, Respondents.

Civ. A. No. 71–814.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 30, 1971.

Patrick E. Treacy, and Jack F. McGuinn, Columbia, S. C. for petitioner.

Daniel R. McLeod, Atty. Gen., for the State of South Carolina, and Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondents.

## ORDER

HEMPHILL, District Judge.

Petitioner, presently detained under supervision of the South Carolina Department of Corrections, seeks bail in this forum, pending a determination of his plea for a writ of habeas corpus. On August 5, 1971, he filed his petition for the Great Writ, and simultaneously therein asked "That he be dismissed outright or on bail and that bail be granted forthwith, pending his appeal to the United States Supreme Court and any proceedings hereunder." This court ordered respondents to file a return, and on August 11, 1971, heard the motion for bail in open court. A recitation of events preceding the present plea is appropriate.

Petitioner's present confinement is pursuant to orders of commitment of the Clerk of Court for Lexington County, South Carolina. He was indicted at the May, 1970 term of the Lexington County General Sessions Court on three indictments charging receiving stolen goods, two indictments charging him with receiving stolen goods and conspiracy to commit the crime of receiving stolen goods and a sixth indictment charging him with housebreaking, safecracking, and larceny. The Petitioner was represented by retained counsel, W. L. Cooper, Esquire, of the Lexington County Bar. A jury was impaneled and the trial was imminent. Prior to presentation of testimony Petitioner's counsel requested and was granted time to discuss the possibility of entering guilty pleas to

the several indictments. Thereafter a negotiated plea[1] was accepted under which the Petitioner offered to enter a plea of guilty on each of the six pending indictments and to accept a sentence of sixty (60) years, provided he would not have to serve more than three (3) years before being placed on probation. As a further condition he insisted that the indictment charging him with housebreaking, safecracking and larceny should be amended to charge instead the crime of accessory after the fact to housebreaking and grand larceny. This plea was recommended to the trial judge. The Honorable George Bell Timmerman, Jr., Presiding Judge of the Eleventh Judicial Circuit of South Carolina, sentenced the Petitioner in the aggregate to the term of twenty (20) years, provided that upon the service of three (3) years the balance of the sentence would be suspended and defendant placed on probation for five (5) years. The Petitioner was given one hundred twenty (120) days within which to arrange his business affairs before he commenced the service of his prison term. During the 120-day period, in August, 1970, the Petitioner made a motion for a new trial upon the grounds of after-discovered evidence. This motion was denied by the trial judge. The denial was appealed to the Supreme Court of South Carolina and in an opinion filed July 8, 1971, 182 S.E.2d 732, the South Carolina Supreme Court affirmed the conviction and sentence.

The trial court admitted the Petitioner to bail pending the hearing of the application of a new trial, on grounds of after-discovered evidence and the South Carolina Supreme Court, through Chief Justice Moss, admitted the Petitioner to bail pending determination of the appeal by that court. It should be noted that the Chief Justice set bail in the amount

---

1. Plea bargaining has been the target of severe criticism in the past decade, and the requisite that the plea be voluntary, and so determined by the court before accepting the plea, under Rule 11, Federal Rules of Criminal Procedure, strictly enforced. The preliminary draft of proposed amendments to the Federal Rules of Criminal Procedure for the United States District Courts offers a plea agreement procedure that spells out the duties of bench and bar when plea bargaining is to be engaged in.

of Twenty-Five Thousand ($25,000.00) Dollars cash. The Petitioner met that cash bail and upon his subsequent incarceration this amount was returned to Petitioner.

Subsequent to his plea and sentence of May 28, 1970, Petitioner has been indicted in the Court of General Sessions for Richland County on charges of receiving stolen goods and conspiracy to commit housebreaking and larceny, to which he entered a plea of not guilty and was given to trial by jury. He was represented by retained counsel Jack McGuinn, Esquire, and Patrick E. Treacy, Esquire, of the Richland County Bar. The jury found him guilty on both counts and he was sentenced (by the Honorable John A. Mason of the Richland County Criminal Court) on September 2, 1970, to confinement for a period of seven (7) years concurrent with the sentence imposed in Lexington County. He was thereafter indicted in the Lexington County Court of General Sessions in September 1970, on a charge of keeping a gambling device. He entered a plea of not guilty and went to trial before a jury. The jury returned a verdict of guilty and he was sentenced by the Honorable James B. Morrison, Presiding Judge, on September 14, 1970, to confinement for a period of one (1) year and a fine of Five Hundred ($500.00) Dollars consecutive to the other sentences. These last two sentences are being appealed to the Supreme Court of South Carolina.

The decision of the Supreme Court of South Carolina affirming the conviction was filed. The Petitioner was arrested and began service of his sentence on July 9, 1971. On July 15, 1971, the attorneys for Petitioner filed a Petition for Rehearing with the Supreme Court of South Carolina and additionally filed a Motion for Bond pending determination of a Petition for Certiorari to be filed with the Supreme Court of the United States. On July 26, 1971, the Supreme Court of South Carolina by order denied the Petition for Rehearing and denied bond pending certiorari.

■ Petitioner has not committed as to whether he intends to seek certiorari in the Supreme Court of the United States. Although seeking certiorari is not required before State remedies can be said to have been exhausted, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963), it would be unseemly for a lower federal court to consider the merits at the same time that Supreme Court review was being sought in the same case. If he was seeking certiorari it would appear that the proper court before which he should move for bail would be the Supreme Court of the United States.[2]

This court must, however, act on the Petition which is presently before it and the issue which is before this court is whether or not the Petitioner should be released on bail pending a hearing in this court on the merits of his allegations and a final determination thereof. This court has no question in its mind as to its jurisdiction in the matter if after considering questions of comity it decides to exercise its concurrent jurisdiction.

■ At common law, courts had the inherent power to grant bail. This authority was exercised in habeas corpus cases pending decision on the merits. The Federal judiciary has consistently recognized that at common law this inherent power existed; but, for some time there was a severe split as to

2. Petitioner's counsel did not specify whether he was attempting to proceed under Rule 46, Federal Rules of Criminal Procedure, which allows bail in criminal cases, or under provisions of the Bail Reform Act of 1966, 80 Stat. 214, 18 U.S.C. § 3146, et seq. It appears that these provisions of the Federal law specifically deal with those who are accused. In the present case petitioner is not appearing before the court as one accused of violating a United States statute, but seeks relief on the civil side of the court under provisions of 28 U.S.C. § 2254 which give the vehicle of relief to state prisoners seeking habeas corpus in the Federal forum.

whether this power existed in the Federal courts in habeas corpus proceedings. The cases since about 1955 have been reflecting more the belief that this power does exist in the federal judiciary. This court concludes that the federal courts have the power to grant bail in post conviction proceedings. The determination is when that power can or should be exercised. The most solid conclusion on this point would seem to be that this power derives as a matter for the exercise of the discretionary judgment of the judicial officer involved, but that power ought to be carefully exercised.

In a number of cases it has been held or recognized, under the particular circumstance involved, that the court had the power, pending the determination of a habeas corpus proceeding on the merits, to admit the Petitioner to bail. In 1871, the United States Supreme Court, in the case of Barth v. Clise (1871), 12 Wall 400, 20 L.Ed. 393, had this to say:

> By the common law, upon the return of a writ of habeas corpus and the production of the body of the party suing it out, the authority under which the original commitment took place is superseded. After that time, and until the case is finally disposed of, the safekeeping of the prisoner is entirely under the control and direction of the court to which the return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of habeas corpus. Pending the hearing he may be bailed *de die in diem*, or be remanded to the jail whence he came, or be committed to any other suitable place of confinement under the control of the court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded. (See also In re Kaine (1852) 14 How. 103, 133–134, 14 L. Ed. 345; 39 Am.Jur.2d, Habeas Corpus, § 145, 56 A.L.R.2d 668, 673).

As one court later put it, "[o]nce this concept is recognized, it becomes clear that the particular interim disposition which the court makes of the body is a judicial function of that court to be discharged, absent any controlling statute, in the exercise of judicial discretion, all relevant circumstances considered." Johnston v. Marsh, 227 F.2d 528, 532 (3 Cir. 1955). And this concept was apparently fully accepted in South Carolina at an early date, as is reflected in the case of Ex parte Massee, a habeas corpus case involving an extradition proceeding. Citing Barth v. Clise and In re Kaine, supra, Mr. Justice Woods stated as fact that "[t]he general rule in habeas corpus proceedings is well established, that pending a final hearing the judge or court may admit to bail." 95 S.C. 315, 79 S.E. 97 (1913). The rule stated by the court varied for extradition cases.

Citing Johnston v. Marsh, supra, among other cases, a United States District Court for New York states that "[w]hile the question may not be wholly free from doubt, the court concludes that there is power to grant such interim relief." (Referring to release on bail pending decision as to whether the writ should finally be issued.) United States ex rel. Epton v. Nenna, 281 F.Supp. 388, 389 (1968). The Connecticut Supreme Court has made itself very clear on the matter: "Since bail is not the handmaiden of custody, the power to admit to bail is inherent in the court so long as the prisoner is in its custody. This is obviously so in criminal cases. But it also applies to habeas corpus." Rose v. Nickeson, 29 Conn.Sup. 81, 271 A.2d 855, 856 (1970).

While all of these cases seem to acknowledge that there is a power in the courts to grant bail to habeas corpus petitioners as a form of interim relief, not all together nor any one can be twisted, stretched or selectively dissected into a mandate to grant such relief or even a boundless approval of the exercise of the power. As mentioned previously, in the very early common law cases such as Barth v. Clise, In re Kaine, and even Ex parte Massee, it does not seem that the authors of those decisions contemplated

a situation wherein convicted persons were petitioners. This factor alone weakens their precedential worth. As for the more recent cases, it seems that in each case, one of two things or both can be found—peculiar and exigent circumstances which make the relief of bail almost a requisite, or a carefully worded warning against the unrestricted employment of the remedy. Johnston v. Marsh, 227 F.2d 528 (3 Cir. 1955) involved a circumstance wherein the prisoner's health was in a precarious state. As a collateral precaution the court took the opportunity to point out the weighty factors to be considered for not granting such relief:

> True, the fact that a prisoner is under a final conviction and sentence precludes any presumption of innocence pending decision on habeas corpus. This is one important consideration militating very strongly against interim release from confinement. Moreover, the sensitivity of the states to federal interposition, however lawful, in cases involving state prisoners usually leads a federal court to choose the state warden as the officer who shall hold such a petitioner for the court just as he did under the state commitment. On the other hand, in the present case the grave exigency of the prisoner's health which impressed the district court constituted a substantial countervailing consideration. Thus, the district court was compelled to and did exercise its best judgment as to which of the opposing factors outweighed the others. This process resulted in a decision to allow the prisoner to be hospitalized on bail rather than to require his return to state prison pending decision. [Johnston v. Marsh, supra, at 532.]

In Baker v. Sard, 137 U.S.App.D.C. 139, 420 F.2d 1342, while acknowledging that the power to grant bail in such proceedings exists, and that substantial issues were presented in the petition before the court, the court declined to exercise that power, saying that while substantial issues were presented, "[n]evertheless, likelihood of success on appeal is only the first step in demonstrating the appropriateness of a requested release. Other matters, including the threat of flight from the jurisdiction, must be considered, and they should be considered first in the District Court." In United States ex rel. Epton v. Nenna, supra, the court stated:

> It (the habeas corpus bail power) is, however, a power that ought to be most sparingly exercised. Where the State has carried a prosecution to conviction and the verdict has been sustained through the appellate process, including denial of certiorari and dismissal of appeal by the Supreme Court, there are compelling interests on the side of proceeding to execute the criminal judgment. It should require a substantial showing of countervailing circumstances to override or postpone that objective.

Technically, a proper way to bring the body of this petitioner under the lawful control of this court is to issue an order to the State to produce its prisoner.[3] Once that is accomplished the control of this court would continue until this court decided whether to free the petitioner or return him to State court. In this case, as the prisoner is serving a sentence after conviction of crime, by tacit agreement the South Carolina Department of Corrections continues to hold the prisoner until decision is had.[4]

█ This case is unique in that the merits of the petition for habeas corpus have not yet been determined. So far as this court has been informed at this writing the petitioner has exhausted as

---

3. Concurring opinion of Judge Hastie in Johnston v. Marsh, supra.

4. Production in court of the person detained is not a prerequisite to the jurisdiction of the court to determine the questions involved. Gutterman v. Humphrey (M.D.Pa.1951), 99 F.Supp. 422; Hammond v. North Carolina (E.D.N.C.1964), 227 F.Supp. 1. In this case petitioner DeAngelis was present at the bail hearing.

far as he intends to, and the verdict against him has been sustained through the appellate process, so that "there are compelling interests on the side of proceeding to execute the criminal judgment."[5] In addition, the fact that the prisoner is under final conviction and sentence precludes any presumption of innocence pending a decision on habeas corpus.[6]

The present civil proceeding is not an appeal from the decision of the highest court of the State of South Carolina. Petitioner would have to pursue such a hopeful remedy by Petition for Certiorari to the United States Supreme Court. The procedural status here is an original entry into this forum. Despite this, one finds that a petition for habeas corpus under 28 U.S.C. 2254 more often than not places the district court in the unfortunate and unhappy position of having to review an entire state record, which may well happen here when the hearing on the merits is reached. Meanwhile, this court considers those cases interpreting the right to bail pending appeal to be of significant impact here.

▆▆▆ Initially, bail is not automatic on appeal from a judgment of conviction. Bowman v. United States (1964), 85 S.Ct. 232, 13 L.Ed.2d 171. Bail is never to be denied for the purpose of punishment, but is to insure the defendant's appearance and submission to the judgment of the court. Reynolds v. United States of America (1959), 80 S. Ct. 30, 4 L.Ed.2d 46. The granting of bail presupposes that a defendant will respond to the demands of justice. Ward v. United States of America (1956), 76 S.Ct. 1063, 1 L.Ed.2d 25.[7]

But there is no absolute right to release on bail pending appeal. Conners v. United States of America (1966), 124 U.S.App.D.C. 312, 365 F.2d 503. And the right to bail is not to be denied merely because of the community's sentiment (or like prejudice) against the accused or because of an evil reputation. Carbo v. United States (1962), 82 S.Ct. 662, 7 L.Ed.2d 769.[8] Bail pending appeal (should) would be denied where there is a substantial likelihood that accused would become a fugitive from justice if admitted to bail. Carbo v. United States (CCA 9, 1962), 302 F.2d 456. Bail has been refused a prisoner (the District Court was without jurisdiction) serving a sentence following a conviction, where he applied for bail in order to assist his counsel in preparing his defense to other calendared charges. United States v. Minker (CCA 3, 1964), 326 F.2d 411. Finally, before a court of the United States can issue a writ of habeas corpus, or grant bail thereunder pendente lite, it should be made to appear that the application for the event is founded upon some matter which justifies the exercise of Federal authority. United States ex rel. Carapa v. Curran (CCA2, 1924), 297 F. 946.

▆▆▆ At this state of this proceeding the court finds it proper to refuse bail. Petitioner is a convicted prisoner, whose conviction and judgment thereon has been reviewed and affirmed by the court of last resort in South Carolina. He possesses a record which, despite its lack of finality pending appellate determination, reveals, *prima facie*, a disregard for the sanctity of person or property. As of now he has not shown his innocence nor proved his right to habeas relief, for

5. United States ex rel. Epton v. Nenna, supra.

6. Johnston v. Marsh, supra.

7. Mr. Justice Frankfurter, sitting as the Circuit Justice was severely critical of those cases where bail is denied and long delay occurs between conviction and perfection of appeal.

8. Mr. Justice Douglas, sitting as Circuit Justice of the Ninth Judicial Circuit, said,

however "If, for example the safety of the community would be jeopardized, it would be irresponsible judicial action to grant bail As stated in United States ex rel. Estabrook v. Otis (CCA 8 1927), 18 F.2d 689, 690, "Bail should not be granted where the offense of which the defendant has been convicted is an atrocious one and there is danger that if he is given his freedom he will commit another of like character."

the hearing on the merits has not been held. He has indicated that if freed he intends to liquidate his South Carolina holdings; this is not to say he will flee the court, but he has little to cause him to stay except the possible forfeiture. If he fled, justice would be denied, absent some abrogation of the sentence he is now serving. Nothing on the record presently before the court justifies the court in granting bail at this time. Nor has he exhibited such physical illness or distress as to bring into play on his behalf the "humanity of the law."

This order applies only to the motion for admission to bail pending a hearing on the merits of the habeas corpus petition which is pending. If a writ is issued after a proper hearing, or if a writ is denied, petitioner can then apply to the court for appropriate relief.