George Rufus BROWN, Petitioner,

v.

William D. LEEKE, Commissioner, S. C. Dept. of Corrections, and the Attorney General of the State of South Carolina, County of Laurens, Respondents.

Civ. A. No. 78–1749.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 10, 1978.

Kirkland Correctional Inst., pro se.

## ORDER

HEMPHILL, District Judge.

The petitioner is a South Carolina prisoner serving two sentences for state crimes. He did not appeal either conviction, but he has sought relief in the Court of Common Pleas for Laurens County pursuant to the Uniform Post-Conviction Procedure Act of South Carolina, § 17–27–10, et seq., Code of Laws of South Carolina (1976).[1] That Act has no specific statute authorizing a confined applicant to be released on bail while he pursues a collateral attack upon his petition. After post-conviction relief was denied in the Court of Common Pleas, the petitioner filed a notice of intention to appeal. He moved for appointment of counsel on appeal, which was granted. He also moved for the setting of bail pending the appeal. This motion was denied "without comment," according to the petitioner. He then sought bail from the Supreme Court of South Carolina pending appeal of his post-conviction case. This request was also denied "without any other pleadings or a hearing."

The petitioner now requests this court to set bail for him until the South Carolina courts have disposed of his post-conviction application. Citing federal and state statutes that govern bail pending direct appeals of criminal convictions,[2] he contends that denial of his request for bail by the courts of South Carolina represents a denial of due process and equal protection. No other

---

1. The grounds alleged for post-conviction relief are not revealed by the petitioner. One of his convictions was entered after a guilty plea, and one was entered following trial. Presumably, he has challenged both convictions although he employs the singular number in his petition where he refers to the application for post-conviction relief.

2. The Bail Reform Act, 18 U.S.C. 3141, et seq., has no application to a state prisoner. The South Carolina statute cited, § 7–8 of the 1962 Code (now § 18–1–90 of the 1976 Code), authorizes the allowance of bail pending "appeal . . . from the trial, conviction or sentence for a criminal offense," with certain exceptions, but it has no effect on appeals of denials of post-conviction relief.

facts are alleged; the sole substantive claim in the petition is a right of bail based on the Constitution and the statutes cited by the petitioner.[3]

The petitioner's request is novel, even if unsupported in both fact and law. Usually, state prisoners seek to invoke the habeas corpus jurisdiction of federal courts before their trials,[4] pending direct appeals of convictions,[5] or pending the final outcomes of federal petitions filed under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 after exhaustion of all state remedies.[6]

Federal intervention in matters concerning bail pending the direct appeal of a state conviction is very carefully circumscribed by the principles of federalism, which effectively mandate that federal courts must give recognition wherever possible to the decisions of their comity partners in state judiciaries. This recognition is implied by the language of the United States Court of Appeals for the Fourth Circuit in a recent unpublished opinion in *Alexander v. State of North Carolina*.[7] In that case, a prisoner who was appealing his conviction sought federal relief on the grounds that the bail set by the North Carolina court was excessive. The Court of Appeals affirmed the denial of relief, stating in part:

"It is well settled that a state prisoner has no absolute right to bail pending appeal. *Hamilton v. New Mexico*, 479 F.2d 343 (10th Cir. 1973); *Hooks v. 4th District Court of Appeals, Fla.*, 442 F.2d 1042 (5th Cir. 1971); *Bloss v. Michigan*, 421 F.2d 903 (6th Cir. 1970). This Court will not interfere with the state court's determination of the amount of bail required to ensure the defendant's presence while his appeal is pending."[8]

Even in cases where a state prisoner files a federal petition for a writ of habeas corpus and sets out substantive grounds for relief from an allegedly unconstitutional judgment of conviction, he faces a "formidable barrier" if he seeks his release from confinement until his federal claim has been decided finally. In *Glynn v. Donnelly, supra*, 470 F.2d at page 98, the Court of Appeals for the First Circuit explained the justification for federal reluctance to enlarge state convicts upon bail with this language [citations omitted]:

"Bail, like habeas corpus, developed primarily as a pretrial institution . . . Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted. The presumption fades upon conviction, and can be of no significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interest in executing its judgment. Quite apart from the principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies . . . We would express it in these terms. Both in the district court, and on appeal in the absence of exceptional circumstances—whatever that may include—the court will not grant bail prior to ultimate final decision unless petitioner presents not merely a clear case on

---

3. The South Carolina Constitution limits bail to persons who have not been convicted, Article I, § 15.

4. *E. g., Petition of Goss*, 249 F.Supp. 109 (D.Hawaii 1966); and *Turco v. State of Maryland*, 324 F.Supp. 61 (D.Md.1971), *aff'd* 444 F.2d 56 (4 Cir. 1971).

5. *E. g., Fink v. Heyd*, 408 F.2d 7 (5 Cir. 1969); and *United States ex rel. Walker v. Twomey*, 484 F.2d 874 (7 Cir. 1973).

6. *E. g., DeAngelis v. South Carolina*, 330 F.Supp. 889 (D.S.C.1971); and *Glynn v. Donnelly*, 470 F.2d 95 (1 Cir. 1972).

7. 573 F.2d 1304 (1978).

8. In a memorandum decision on November 15, 1977 in *Washington v. Strickland*, No. 77–8077, the Court of Appeals said:

   "If there is any valid constitutional issue before a federal habeas corpus court on a motion to set bail pending a State appeal it is whether 'the denial could be said to have a rational basis.' " [Citing *Walker v. Twomey, supra*, and *Turco v. Warden.*]

the law . . . but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough. . . ."[9]

■ Based on the foregoing authorities, the petitioner's request for bail, whether based on 28 U.S.C. § 2241(c)(3) or 28 U.S.C. § 2254(a), must be denied.[10] It would be difficult to imagine any set of circumstances under which this Court would seriously consider enlarging a state prisoner upon bail while he appeals his state post-conviction case to the Supreme Court of South Carolina.[11] Certainly, the bald allegation that the petitioner is entitled to such relief does not state a valid claim. There is no infirmity in the South Carolina Post-Conviction Procedure Act merely because it contains no statutory provision for bail. South Carolina courts may release post-conviction applicants or not, as they choose, but this Court will not consider such releases, for unsupported requests therefor do not state federal claims.

Accordingly, the petition is dismissed. The Clerk shall mail copies of this Order to the petitioner and to the Attorney General of South Carolina.

AND IT IS SO ORDERED.

---

9. *See also DeAngelis v. South Carolina, supra,* 330 F.Supp. at pages 894–95.

10. Summary dismissal of an inappropriate petition under § 2241 is authorized by § 2243 if it appears that the applicant is not entitled to the relief sought. A § 2254 petition that is patently deficient in stating a claim for relief under the Constitution is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Pub.L. 94–426, Sept. 28, 1976, 90 Stat. 1334, Title 28, U.S.C.A.

11. The statement about bail in post conviction proceedings in *DeAngelis v. South Carolina, supra,* 330 F.Supp. at page 892, relates to federal proceedings rather than pending state proceedings. The principles of comity and federalism that are embodied in the exhaustion requirement of § 2254, and which have been articulated in numerous federal cases, would be torn asunder if federal courts granted requests by state prisoners to be released from prison while their appeals of denials of state post-conviction applications are pending in state courts.