

# The Attorney General of Texas

May 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. A. Neal Pfeiffer
Chairman
Texas Board of Pardons and
   Paroles
P. O. Box 13401, Capitol Station
Austin, Texas   78711

Opinion No. JM-494

Re:  Whether the Board of Pardons
and Paroles may conduct release
hearings through an independent
hearing officer

Dear Mr. Pfeiffer:

You have requested our opinion regarding the use of a staff hearing officer by the Texas Board of Pardons and Paroles ("Board") to conduct final revocation proceedings. Specifically, you ask whether the use of these staff hearing officers is in compliance with minimum due process standards articulated by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 484 (1972).

It is well settled law that a proceeding to revoke probation portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required. Morrissey v. Brewer, 408 U.S. 471, 484 (1972); see also Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).

Morrissey, supra, held that due process requires that the person(s) conducting the final revocation hearing be "neutral and detached." Id. The Court found that this test is satisfied by "a traditional parole board, members of which need not be judicial officers or lawyers." Id. at 489.

The proceedings of the Board are administrative rather than criminal in nature. See Martinez v. State, 635 S.W.2d 762, 766 (Tex. App. - Corpus Christi 1982, no writ). Article IV, section 11 of the Texas Constitution initially created the Board of Pardons and Paroles. This provision grants the governor the power, conditioned upon the Board's recommendation, to grant reprieves and commutations of punishment and pardons. In 1983, article IV, section 11 was amended by vote of the people to make the Board a statutory rather than a constitutional agency. The legislature amended sections 12(d) and 21(a) of article 42.12 of the Code of Criminal Procedure to give the Board the sole authority to revoke paroles and issue warrants for the return of a paroled prisoner. Acts 1983, 68th Leg., ch. 232, at 974.

The Board, pursuant to section 22 of article 42.12 of the Code of Criminal Procedure has adopted administrative rules to govern revocation procedures. See 37 T.A.C. §145.00 et seq. (1985).

> Sec. 22. Whenever a parolee, mandatory releasee, or a person granted a conditional pardon is accused of a violation of his parole, mandatory supervision, or conditional pardon on information and complaint by a law enforcement officer or parole officer, he shall be entitled to a conditional right to be heard on such charges before the Board or its designee under such rules and regulations as the Board may adopt. . . .

Administrative Rule 145.45 provides that a hearing shall be scheduled and conducted within a reasonable time (70 days) after arrest on a Board issued pre-revocation warrant at or near the site of arrest with few exceptions. 37 T.A.C. §145.45. Rule 145.45(1) provides for the hearing to be conducted by a "neutral and detached staff hearing officer" who is not directly involved in the supervision of the case. Rule 145.48 details the hearing duties and procedures of the hearing officer. Moreover, Rules 145.49 and 145.50 outline the procedures used for review of the hearing officer's report by the staff and Board. The final disposition is made by the Board. We believe that the Board has acted within its authority under section 22 of article 42.12 of the Code of Criminal Procedure in delegating its authority to conduct final revocation hearings to a staff hearing officer. See Colorado County Federal Savings and Loan Association v. Lewis, 498 S.W.2d 723, 727 (Tex. Civ. App. - Austin 1973, writ ref'd n.r.e.); see also Attorney General Opinion JM-244 (1984). We must now decide whether the use of the staff officer to conduct a final hearing comports with the due process standard required by Morrissey, supra.

The United States Supreme Court in Morrissey cautioned that the duty to write a code of procedure was the responsibility of the states and not the Court. Morrissey v. Brewer, 408 U.S. 471, at 488. Thus, the Court only sought to guide the state's authority in establishing revocation procedures. We are not aware of any court decision which has prohibited the use of a staff hearing officer as a "neutral and detached" hearing officer of a parole agency to conduct final revocation hearings wherein a written report is submitted to a parole board to make a final determination. On the other hand, most courts have concentrated on the "neutral and detached" qualification of the person conducting the hearing. Cohen & Gobert, The Law of Probation and Parole, §14.07 (1983).

In Sheppard v. Taylor, 433 F. Supp. 984, 986-87 (S.D.N.Y. 1977), the district court did not address the question of whether the use of two staff hearing examiners rather than a "traditional parole board"

to conduct the final revocation hearing violated the principle of Morrissey. The district court merely held that since one of the staff hearing examiners was the official who recommended and obtained the parole violation warrant, the situation contravened the requirement of Morrissey because that examiner was not "neutral and detached." 433 F. Supp. 984, at 986. Accordingly, we conclude that the Board may delegate its authority to conduct a final revocation hearing to a "neutral and detached" hearing officer without contravening the due process requirements of Morrissey. Cf. People ex rel. Shippens v. Smith, 458 N.Y.S.2d 371, 372 (A.D. 1982).

## S U M M A R Y

The Texas Board of Pardons and Paroles may delegate, pursuant to section 22 of article 42.12 of the Code of Criminal Procedure, its authority to conduct final revocation hearings to neutral and detached hearing officers to make recommendations to the Board without violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General