**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ANTHONY R. HAMILL,

        Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, in his
official capacity; WYOMING
ATTORNEY GENERAL, in his
official capacity,

        Respondents-Appellees.

No. 96-8086
(D.C. No. 95-CV-093-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner Anthony R. Hamill, a Wyoming state prisoner proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254, seeking relief from a parole revocation proceeding.  The district court dismissed his petition on the merits[1] and denied petitioner a certificate of appealability.  This appeal followed.

In this court, petitioner has again applied for a certificate of appealability. Our recent decision in <u>United States v. Kunzman</u>, ___ F.3d ___, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997), makes it clear now that to take an appeal in this circuit in a habeas case like this one, where the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), it is a pre-AEDPA certificate of probable cause that is required, rather than an AEDPA certificate of appealability.  Regardless of the label, however, petitioner's substantive burden is the same.  Both certificates require that petitioner make a substantial showing of the denial of a constitutional right.

---

[1]     In so doing, the district court rejected the magistrate's recommendation that the petition be dismissed on the ground of state procedural default.  The issue of a possible procedural default has not been raised on appeal and we do not address it.

Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Lindh v. Murphy, 117 S. Ct. 2059, 2061 (1997).

Petitioner contends that he was deprived of due process during the course of his parole revocation proceeding. On appeal, he argues three alleged due process violations:[2] (1) excessive delay between his detention for suspected parole violations and the preliminary or "probable cause" hearing; (2) the presence of a non-neutral party during the state parole board's deliberations following his revocation hearing; and (3) the failure of the parole board to state the evidence relied upon in revoking his parole. The district court rejected these claims (and the others before it), and concluded that petitioner's parole revocation proceedings were "constitutionally adequate." R., tab 13 at 26. The district court also found that petitioner had failed to demonstrate he suffered prejudice as a result of any of the alleged constitutional violations. See id. at 29.

Petitioner's first due process argument focuses on the delay between his detention by authorities for suspected parole violations and his probable cause

---

[2]    Both petitioner's application for certificate of appealability and his opening brief clearly identify as issues on appeal only three of the six issues he raised in district court. We consider these the issues for decision, notwithstanding respondents' answer brief, which inexplicably addresses all six issues and presumably gave rise to petitioner's reply brief, which does the same. See Coleman v. B-G Maintenance Management of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised in the opening brief are deemed abandoned or waived).

hearing. Petitioner was taken into custody on June 30, 1994, and his preliminary hearing did not occur until August 11, 1994, forty-two days later. Mere delay, however, even if assumed to be excessive, does not necessarily constitute a due process violation entitling petitioner to immediate release. McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977). Instead, "to establish a legal right to habeas relief, the delay, taking into consideration all the circumstances, must also be prejudicial." Id.; see also Harris v. Day, 649 F.2d 755, 761-62 (10th Cir. 1981). Petitioner does not allege any prejudice as a result of the delay between his detention and his preliminary hearing.[3]

Petitioner also claims that he was denied the required "neutral and detached hearing body," Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (quotation omitted), by the presence during the parole board's deliberations of the corrections official who initiated petitioner's revocation proceeding and presented

---

[3] Citing the admonition in Morrissey v. Brewer, 408 U.S. 471, 485 (1972), that the preliminary or probable cause hearing be held "as promptly as convenient after arrest while information is fresh and sources are available," petitioner does note in his brief that "[e]ven the adverse witness that was asked to appear failed to show," Appellant's Opening Brief at 4. However, petitioner cites nothing in the record to indicate that the witness' absence was a result of the delay. See Gaddy v. Michael, 519 F.2d 669, 678 (4th Cir. 1975) (if parolee seeks to claim prejudice by reason of loss of evidence or unavailability of witnesses, "he is obligated to show what evidence and what witnesses he would have presented at a timely hearing which were unavailable to him because of the delay and, absent such a showing, he may not claim prejudice in this particular" (quotation omitted)).

the state's case for revocation.  We disagree.  Petitioner does not allege that the official participated in the board's deliberations, cf. Shepard v. Taylor, 433 F.Supp. 984, 986 (S.D.N.Y.), aff'd mem., 573 F.2d 1295 (2d Cir. 1977) (due process violated where one of the two hearing examiners was the official who recommended and obtained the parole violation warrant application), and indeed the record includes an affidavit (which petitioner does not challenge) indicating that the official said nothing during the deliberations, see R., tab 6, exh. H at 2.  The board's action in simply allowing the corrections official to remain in the room during its deliberations while asking petitioner to leave does not, in and of itself, absent any showing of actual bias or prejudice, support a conclusion that the board was less than neutral and detached.

Finally, petitioner argues that his due process rights were violated because the parole board's revocation order does not set forth the evidence upon which the board relied in revoking his parole as required by Morrissey, 408 U.S. at 489. Again, we disagree.  We note that the order in this case does not consist entirely of boilerplate language that sheds no light on the basis for revocation, but contains specific findings as to what conduct charged was proven at the hearing by substantial evidence.  Petitioner has not challenged the sufficiency of the evidence to support those findings.  Under these circumstances, we cannot say that petitioner's due process rights have been violated.

We conclude that petitioner has failed to make a substantial showing of the denial of a constitutional right, and thus we DENY petitioner a certificate of probable cause and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge